IN THE UNITED STATES DISTRICT COURT OF
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BORIS GOLDENBERG, REINALDO PACHECHO, ANDREW LEOW AND GERALD COMEAU, AS REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED PERSONS AND ON BEHALF OF THE INDUCTOTHERM COMPANIES MASTER PROFITS SHARING PLAN #001, <br><br> PLAINTIFFS, <br><br> VS. <br><br> INDEL, INC., INDIVIDUALLY AND A/K/A INDUCTOTHERM INDUSTRIES, INC. AND INDUCTOTHERM CORPORATION, ET AL., <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:09-cv-05202-JBS-AMD |

**FSC/SUNAMERICA DEFENDANTS' ANSWER AND DEFENSES TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Fed. R. Civ. P. Rules 8 and 12, Defendants American International

Group, Inc. ("AIG"), FSC Securities Corporation, SunAmerica Asset Management Corp.,

SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., and Wharton

Business Group (collectively referred to as the "FSC/SUNAMERICA Defendants"), by

and through their undersigned attorneys, hereby answer Plaintiff's First Amended Class

Action Complaint (the "Complaint") as follows.

## I.   NATURE OF ACTION

1.      The FSC/SUNAMERICA Defendants admit that Paragraph 1 of the

Complaint purports to describe the nature of Plaintiff's claims and the Complaint.  The

FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 1.

## II.   JURISDICTION AND VENUE

2.      Admitted.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Subject to this Answer and their defenses, the FSC/SUNAMERICA Defendants admit that the Court has personal jurisdiction over them.  The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 7, and therefore deny same.

8.      Admitted.

## III.   THE PARTIES

**A.   Plaintiffs**

9.      The allegations in Paragraph 9 of the Complaint state in whole in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny same.

10.      The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny same.

11.      The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore deny same.

12.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore deny same.

13.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore deny same.

14.     Admitted, on information and belief.

**B.     Defendants**

15.     Admitted.

16.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny same.

17.     The FSC/SUNAMERICA Defendants, on information and belief, admit the allegations in the first sentence of Paragraph 17.  The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and therefore deny same.

18.     Admitted, on information and belief.

19.     Admitted.

20.     The allegations in Paragraph 20 of the Complaint are moot in view of the Court's dismissal of Financial Services Corporation from this action.  In further response, the FSC/SUNAMERICA Defendants deny that Financial Service Corporation is a "wholly owned subsidiary of AIG" and state that Financial Service Corporation is an indirect wholly-owned subsidiary of AIG.

21.     In response to the allegations in Paragraph 21 of the Complaint, the

FSC/SUNAMERICA Defendants deny that FSC Securities Corporation is a "wholly owned subsidiary of AIG" and state that FSC Securities Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 21.

22.     The FSC/SUNAMERICA Defendants deny the allegations of Paragraph 22.  In further response, the FSC/SUNAMERICA Defendants state that a group of FSC Securities Corporation registered representatives who call themselves the "Wharton Business Group" make up a branch office of FSC Securities Corporation.  The FSC/SUNAMERICA Defendants further state that Wharton Business Group, Inc. is a Pennsylvania corporation with its principal place of business located at 740 Springdale Drive, Suite 208, Exton, Pennsylvania, 19341, and that Wharton Business Group, LLC is a Pennsylvania limited liability company with its principal place of business located at 740 Springdale Drive, Suite 208, Exton, Pennsylvania, 19341.

23.     In response to the allegations in Paragraph 23 of the Complaint, the FSC/SUNAMERICA Defendants deny that SunAmerica Asset Management Corp. is a "wholly owned subsidiary of AIG" and state that SunAmerica Asset Management Corp. is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 23.

24.     In response to the allegations in Paragraph 24 of the Complaint, the FSC/SUNAMERICA Defendants deny that SunAmerica Capital Services, Inc. is a "wholly owned subsidiary of AIG" and state that SunAmerica Capital Services, Inc. is an indirect wholly-owned subsidiary of AIG and that its principal place of business is located at Harborside Financial Center, 3200 Plaza 5, Jersey City, New Jersey 07311.

The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 24.

25.     In response to the allegations in Paragraph 25 of the Complaint, the FSC/SUNAMERICA Defendants deny that SunAmerica Fund Services, Inc. is a "wholly owned subsidiary of AIG" and state that SunAmerica Fund Services, Inc. is an indirect wholly-owned subsidiary of AIG, and that its principal place of business is located at Harborside Financial Center, 3200 Plaza 5, Jersey City, New Jersey 07311.  The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 25.

26.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore deny same.

27.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore deny same.

28.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore deny same.

29.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore deny same.

30.     The FSC/SUNAMERICA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny same.

## IV.   BACKGROUND

**A.    ERISA**

31.      The FSC/SUNAMERICA Defendants admit that Paragraph 31 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations of Paragraph 31 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

32.      The FSC/SUNAMERICA Defendants admit that Paragraph 32 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations of Paragraph 32 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

33.      The FSC/SUNAMERICA Defendants admit that Paragraph 33 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations of Paragraph 33 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

34.      The FSC/SUNAMERICA Defendants admit that Paragraph 34 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations of Paragraph 34 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

35.      The FSC/SUNAMERICA Defendants admit that Paragraph 35 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et

seq., but deny the remaining allegations of Paragraph 35 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

**B.     The Securities Exchange Act of 1934 ("the Exchange Act")**

36.     The FSC/SUNAMERICA Defendants admit that Paragraph 36 references the Securities Exchange Act of 1934 (the "Exchange Act"), but deny the remaining allegations of Paragraph 36 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

37.     The FSC/SUNAMERICA Defendants admit that Paragraph 37 references the Exchange Act, but deny the remaining allegations of Paragraph 37 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

38.     The FSC/SUNAMERICA Defendants admit that Paragraph 38 references the Exchange Act, but deny the remaining allegations of Paragraph 38 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

39.     The FSC/SUNAMERICA Defendants admit that Paragraph 39 references the Exchange Act, but deny the remaining allegations of Paragraph 39 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

40.     The FSC/SUNAMERICA Defendants admit that Paragraph 40 references the Exchange Act, but deny the remaining allegations of Paragraph 40 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

41.     The FSC/SUNAMERICA Defendants admit that Paragraph 41 references the Exchange Act, but deny the remaining allegations of Paragraph 41 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

**C.     The Securities Act of 1933 ("the 1933 Act")**

42.     The FSC/SUNAMERICA Defendants admit that Paragraph 42 references the Securities Act of 1933 (the "1933 Act"), but deny the remaining allegations of Paragraph 42 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

43.     The FSC/SUNAMERICA Defendants admit that Paragraph 43 references the 1933 Act, but deny the remaining allegations of Paragraph 43 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

44.     The FSC/SUNAMERICA Defendants admit that Paragraph 44 references the 1933 Act, but deny the remaining allegations of Paragraph 44 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

**D.     RICO**

45.     The FSC/SUNAMERICA Defendants admit that Paragraph 45 references the Racketeering Influenced and Corrupt Organization Act ("RICO"), codified in 18 U.S.C. §§1961, et seq., but deny the remaining allegations of Paragraph 45 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

46.     The FSC/SUNAMERICA Defendants admit that Paragraph 46 references

RICO, but deny the remaining allegations of Paragraph 46 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

47.    The FSC/SUNAMERICA Defendants admit that Paragraph 47 references RICO, but deny the remaining allegations of Paragraph 47 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

48.    The FSC/SUNAMERICA Defendants admit that Paragraph 48 references RICO, but deny the remaining allegations of Paragraph 48 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

49.    The FSC/SUNAMERICA Defendants admit that Paragraph 49 references RICO, but deny the remaining allegations of Paragraph 49 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

50.    The FSC/SUNAMERICA Defendants admit that Paragraph 50 references RICO, but deny the remaining allegations of Paragraph 50 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

51.    The FSC/SUNAMERICA Defendants admit that Paragraph 51 references RICO, but deny the remaining allegations of Paragraph 51 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

E.      **The New Jersey Uniform Securities Laws**

52.     The FSC/SUNAMERICA Defendants admit that Paragraph 52 references the New Jersey Uniform Securities Laws, but deny the remaining allegations of Paragraph 52 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and speak for themselves.

53.     The FSC/SUNAMERICA Defendants admit that Paragraph 53 references the New Jersey Uniform Securities Laws, but deny the remaining allegations of Paragraph 53 on the grounds that they purport to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

54.     The FSC/SUNAMERICA Defendants admit that Paragraph 54 references the New Jersey Uniform Securities Laws, but deny the remaining allegations of Paragraph 54 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

55.     The FSC/SUNAMERICA Defendants admit that Paragraph 55 references the New Jersey Uniform Securities Laws, but deny the remaining allegations of Paragraph 55 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

F.      **Common Law Torts**

56.     The FSC/SUNAMERICA Defendants admit that Paragraph 56 references the common law of New Jersey, but deny the remaining allegations of Paragraph 56 on the grounds that they purport merely to state legal conclusions and the relevant case law speaks for itself.

## V.    STATEMENT OF FACTS

**A.    The Plan in General**

57.    The FSC/SUNAMERICA Defendants admit, on information and belief, the allegations of Paragraph 57.  In further response, the FSC/SUNAMERICA Defendants state that the governing documents of the Inductotherm Companies Master Profit Sharing Plan #001 (the "Plan") speak for themselves and deny any allegations in Paragraph 57 inconsistent therewith.

58.    The FSC/SUNAMERICA Defendants admit, on information and belief, the allegations of Paragraph 58.  In further response, the FSC/SUNAMERICA Defendants state that the governing documents of the Plan speak for themselves and deny any allegations in Paragraph 58 inconsistent therewith.

59.    The FSC/SUNAMERICA Defendants admit that Inductotherm is the "plan sponsor" for the Plan pursuant to ERISA §3(16)(B), 29 U.S.C. §1002(16)(B),  but deny the remaining allegations in Paragraph 59 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

60.    The allegations in Paragraph 60 of the Complaint state in whole in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny same.

61.    The allegations in Paragraph 61 of the Complaint state in whole in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore deny same.

62.    The allegations in Paragraph 62 of the Complaint state in whole in part a

legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore deny same.

63.     In response to the allegations of Paragraph 63, the FSC/SUNAMERICA Defendants state that the governing documents of the Plan speak for themselves and deny any allegations in Paragraph 63 inconsistent therewith.  The FSC/SUNAMERICA Defendants are without knowledge as to the allegations in the last sentence of Paragraph 63, and therefore deny same.

64.     The FSC/SUNAMERICA Defendants admit that Paragraph 64 references ERISA §§101 and 103, 29 U.S.C. §§1021 and 1023, but deny the remaining allegations of Paragraph 64 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

65.     The FSC/SUNAMERICA Defendants admit that Paragraph 65 references Schedule C of the Form 5500/Annual Report, but deny the remaining allegations of Paragraph 65 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

66.     The FSC/SUNAMERICA Defendants admit that Paragraph 66 references ERISA § 103, 29 U.S.C. § 1023, but deny the remaining allegations of Paragraph 66 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

67.     The FSC/SUNAMERICA Defendants admit that Paragraph 67 references ERISA § 103, 29 U.S.C. § 1023, but deny the remaining allegations of Paragraph 67 on the grounds that they purport merely to state legal conclusions and the relevant statutes,

regulations and case law speak for themselves.

68.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and therefore deny same.

69.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore deny same.

70.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore deny same.

71.     In response to the allegations of Paragraph 71, the FSC/SUNAMERICA Defendants state that the referenced Form 5500s and the governing documents of the Plan speak for themselves, and deny the allegations of Paragraph 71 to the extent they are inconsistent therewith.   The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71, and therefore deny same.

72.     The FSC/SUNAMERICA Defendants admit that Paragraph 72 references ERISA § 3(38), 29 U.S.C. §1002(38), but deny the remaining allegations of Paragraph 72 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

73.     The FSC/SUNAMERICA Defendants admit that Paragraph 73 references ERISA §3(38), 29 U.S.C. §1002(38), but deny the remaining allegations of Paragraph 73 on the grounds that they purport merely to state legal conclusions and the relevant

statutes, regulations and case law speak for themselves.

**B.      Payment to Charlotte Capital, LLC, the December 2005 Liquidation Event, Financial Service Corporation, FSC Securities Corporation, AIG and SunAmerica Facts**

74.      In response to the allegations in Paragraph 74, the FSC/SUNAMERICA Defendants state that the Plan's Form 5500 for the plan year commencing January 1, 2005 and ending on December 31, 2005 speaks for itself and deny any allegations in Paragraph 74 inconsistent therewith.

75.      The FSC/SUNAMERICA Defendants admit that Paragraph 75 references ERISA §103, 29 U.S.C. §1023, but deny the remaining allegations of Paragraph 75 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.  The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75, and therefore deny same.

76.      In response to the allegations of Paragraph 76, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing January 1, 2005 and ending December 31, 2005 speaks for itself, and deny any allegations in Paragraph 76 inconsistent therewith.

77.      In response to the allegations of Paragraph 77, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing January 1, 2005 and ending December 31, 2005 speaks for itself, and deny any allegations in Paragraph 77 inconsistent therewith.  The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77, and therefore deny same.

78.      The FSC/SUNAMERICA Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and therefore deny same.

79.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and therefore deny same.

80.    In response to the allegations in Paragraph 80, the FSC/SUNAMERICA Defendants state that the financial statement for Plan year commencing January 1, 2005 and ending on December 31, 2005 speaks for itself and deny any allegations in Paragraph 80 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants deny that the Plan's assets were invested in "AIG Securities."

81.    In response to the allegations in Paragraph 81, the FSC/SUNAMERICA Defendants state that the Plan's investment account statements for the period from January 1, 2005 through December 31, 2005 speak for themselves as to the transactions involving the Plan's assets and deny any allegations in Paragraph 81 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants deny that Plan assets were invested in "AIG Securities."

82.    In response to the allegations in Paragraph 82, the FSC/SUNAMERICA Defendants admit that Marc Hembrough and BJ Webster, in their capacities as investment advisory representatives registered with FSC Securities Corporation, executed the Plan's investment policy on or about December 12, 2005.  The FSC/SUNAMERICA Defendants further incorporate their response to Paragraph 81.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 82.

83.    In response to the allegations in Paragraph 83, the FSC/SUNAMERICA

Defendants state that the Form 5500 for the Plan year commencing on January 1, 2006 speaks for itself and deny any allegations in Paragraph 83 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants state that FSC and certain of its registered investment advisory representatives received fees during 2006 for investment advisory services provided to the Plan by certain of its investment advisory representatives who call themselves the Wharton Business Group.  The FSC/SUNAMERICA Defendants further state that FSC Securities Corporation is a wholly-owned subsidiary of Financial Service Corporation.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 83.

84.     Admitted.

85.     Denied.

86.     In response to the allegations in Paragraph 86 of the Complaint, the FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 2008 Annual Report (10-K) speaks for itself and deny any allegations in Paragraph 86 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants state that Financial Service Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 86.

87.     In response to the allegations in Paragraph 87 of the Complaint, the FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 2008 Annual Report (10-K) speaks for itself and deny any allegations in Paragraph 87 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants admit the allegations of Paragraph 87.

88.     In response to the allegations in Paragraph 88 of the Complaint, the

FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 2008 Annual Report (10-K) speaks for itself and deny any allegations in Paragraph 88 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants state that FSC Securities Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 88.

89.     Admitted.

90.     Except for admitting that Financial Service Corporation is not licensed with the SEC or licensed to transact business in the State of New Jersey, the FSC/SUNAMERICA Defendants deny the allegations in Paragraph 90.

91.     In response to the allegations in Paragraph 91, the FSC/SUNAMERICA Defendants admit that FSC Securities Corporation uses Form ADV to register as an investment adviser with the SEC.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 91.

92.     Admitted.

93.     Admitted.

94.     Admitted.

95.     In response to the allegations in Paragraph 95, the FSC/SUNAMERICA Defendants state that  FSC's Form ADV filed July 20, 2009 speaks for itself and deny any allegations in Paragraph 95 inconsistent therewith.

96.     In response to the allegations of Paragraph 96, the FSC/SUNAMERICA Defendants state that the referenced Form 5500 and Form ADV speak for themselves, and deny any allegations in Paragraph 96 inconsistent therewith.

97.     In response to the allegations of Paragraph 97, the FSC/SUNAMERICA

Defendants state that the referenced Form 5500 and Form ADV speak for themselves, and deny any allegations in Paragraph 97 inconsistent therewith.

98.     In response to the allegations in Paragraph 98, the FSC/SUNAMERICA Defendants state that the financial statement for the Plan year commencing on January 1, 2001 and ending on December 31, 2006, speaks for itself, and deny any allegations in Paragraph 95 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 95.

99.     In response to the allegations of Paragraph 99, the FSC/SUNAMERICA Defendants state that the referenced financial statement speaks for itself, and deny any allegations in Paragraph 99 inconsistent therewith.

100.     In response to the allegations in Paragraph 100, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing on January 1, 2007 speaks for itself, and deny any allegations inconsistent therewith.

101.     Except for admitting that Financial Service Corporation is not licensed with the SEC or licensed to transact business in the State of New Jersey, the FSC/SUNAMERICA Defendants deny the allegations in Paragraph 101.

102.     Denied.

103.     In response to the allegations of Paragraph 103, the FSC/SUNAMERICA Defendants state that Schedule H of the Form 5500 for the Plan year commencing on January 1, 2007 and ending on December 31, 2007 speaks for itself, and deny any allegations inconsistent therewith.

104.     In response to the allegations of Paragraph 104, the FSC/SUNAMERICA Defendants state that Schedule H of the Form 5500 for the Plan year commencing on

January 1, 2007 and ending on December 31, 2007 speaks for itself, and deny any allegations inconsistent therewith.

105.     In response to the allegations in Paragraph 105, the FSC/SUNAMERICA Defendants state that the financial statement for the Plan year commencing on January 1, 2007 and ending on December 31, 2007, speaks for itself and deny any allegations inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 105.

106.     In response to the allegations of Paragraph 106, the FSC/SUNAMERICA Defendants state that the investment account statements for the Plan's account listing the transactions therein and the financial statement for the Plan year ending December 31, 2007 speak for themselves, and deny any allegations inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 106.

107.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore deny same.

108.     In response to the allegations of Paragraph 108, the FSC/SUNAMERICA Defendants state that the SunAmerica Money Market Fund had four classes of shares until on or about June 3, 2009.  In further response, the FSC/SUNAMERICA Defendants state that the portions of the SunAmerica Money Market Fund Prospectus concerning the classes of shares for the fund and the fees charged with respect to each share class speak for themselves, and deny any allegations in Paragraph 108 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 108.

109.     The FSC/SUNAMERICA Defendants admit that there are no separate

classes within the Hussman Strategic Growth Fund.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 109.

110.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110, and therefore deny same.

111.    In response to the allegations of Paragraph 111, the FSC/SUNAMERICA Defendants admit that FSC Securities Corporation and the Wharton Business Group became involved with the Plan in December 2005.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 111.

112.    Denied.

113.    Denied.

114.    Denied.

115.    In response to the allegations of Paragraph 115, the FSC/SUNAMERICA Defendants state that the amount of fees charged to the Plan on account of the investment of Plan assets into the SunAmerica Money Market Fund are based on the expense ratios for the SunAmerica Money Market Fund Class A shares, and the expense ratios with respect to those Class A shares are reflected in the SunAmerica Money Market Fund prospectuses and annual reports for the relevant time periods.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 115.

116.    In response to the allegations of Paragraph 116, the FSC/SUNAMERICA Defendants admit that the SunAmerica Money Market Fund had four share classes identified as A, B, C and I until on or about June 3, 2009.  In further response, the FSC/SUNAMERICA Defendants state that the referenced SunAmerica Money Market

Fund Quarterly Report, Vanguard Prime Money Market Fund prospectus and SunAmerica Money Market Fund prospectus speak for themselves, and deny any allegations in Paragraph 116 inconsistent therewith.

117.    In response to the allegations of Paragraph 117, the FSC/SUNAMERICA Defendants state that SunAmerica Money Market Funds, Inc. is organized as a Maryland corporation, is registered as an open-end management investment company under the Investment Company Act of 1940, as amended (the "1940 Act"), and currently has two investment portfolios, one of which is the SunAmerica Money Market Fund.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 117.

118.    In response to the allegations in Paragraph 118, the FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 10-K speaks for itself and deny any allegations in Paragraph 118 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants state that the SunAmerica Asset Management Corp. is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 118.

119.    In response to the allegations in Paragraph 119, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp. serves as investment adviser to, provides certain administrative services to, and supervises the daily business affairs of, the SunAmerica Money Market Fund.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 119.

120.    In response to the allegations in Paragraph 120, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp. serves as investment adviser to, provides certain administrative services to, and supervises the daily business

affairs of, the SunAmerica Money Market Fund.  The FSC/SUNAMERICA Defendants

deny the remaining allegations in Paragraph 120.

> 121.    Admitted.

> 122.    Admitted.

> 123.    Admitted.

> 124.    Admitted.

> 125.    In response to the allegations of Paragraph 125, the FSC/SUNAMERICA

Defendants state that the SunAmerica Asset Management Corp. Form ADV filed on or

about July 20, 2009 speaks for itself, and deny any allegations inconsistent therewith.

> 126.    In response to the allegations in Paragraph 126, the FSC/SUNAMERICA

Defendants admit that a group of FSC Securities Corporation registered representatives

who call themselves the "Wharton Business Group" make up a branch office of FSC

Securities Corporation.  In further response, the FSC/SUNAMERICA Defendants state

that the SunAmerica Money Market Fund prospectus describes the fees paid to

SunAmerica Asset Management Corp., and deny any allegations in Paragraph 126

inconsistent therewith.  The FSC/SUNAMERICA Defendants further state that Financial

Service Corporation, FSC Securities Corporation and SunAmerica Asset Management

Corp. are indirect wholly-owned subsidiaries of AIG.  The FSC/SUNAMERICA

Defendants deny the remaining allegations in Paragraph 126.

> 127.    In response to the allegations in Paragraph 127, the FSC/SUNAMERICA

Defendants state that Exhibit 21 to AIG's 10-K speaks for itself and deny any allegations

in Paragraph 127 inconsistent therewith.  In further response, the FSC/SUNAMERICA

Defendants state that SunAmerica Capital Services, Inc. is an indirect wholly-owned

subsidiary of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 127.

128.    In response to the allegations in Paragraph 128, the FSC/SUNAMERICA Defendants admit that a group of FSC Securities Corporation registered representatives who call themselves the "Wharton Business Group" make up a branch office of FSC Securities Corporation.  In further response, the FSC/SUNAMERICA Defendants state that the SunAmerica Money Market Fund prospectus describes the fees paid to SunAmerica Capital Services, Inc., and deny any allegations in Paragraph 128 inconsistent therewith.  The FSC/SUNAMERICA Defendants further state that FSC Securities Corporation and SunAmerica Capital Services, Inc. are indirect wholly-owned subsidiaries of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 128.

129.    Admitted.

130.    In response to the allegations in Paragraph 130, the FSC/SUNAMERICA Defendants admit that a group of FSC Securities Corporation registered representatives who call themselves the "Wharton Business Group" make up a branch office of FSC Securities Corporation.  In further response, the FSC/SUNAMERICA Defendants state that the SunAmerica Money Market Fund prospectus describes the fees paid to SunAmerica Fund Services, Inc., and deny any allegations in Paragraph 130 inconsistent therewith.   The FSC/SUNAMERICA Defendants further state that FSC Securities Corporation and SunAmerica Capital Services, Inc. are indirect wholly-owned subsidiaries of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 130.

131.    In response to the allegations of Paragraph 131, the FSC/SUNAMERICA Defendants admit that from time to time AIG, as a holding company, has received dividend distributions and other payments from certain of its direct subsidiaries.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 131.

132.    In response to the allegations of Paragraph 132, the FSC/SUNAMERICA Defendants state that the SunAmerica Money Market Fund Prospectus speaks for itself, and deny any allegations inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 132.

133.    In response to the allegations in Paragraph 133 of the Complaint, the FSC/SUNAMERICA Defendants admit that approximately $4.3 million of Plan assets were invested into the Hussman Strategic Growth Fund during 2007.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 133.

134.    In response to the allegations in Paragraph 134, the FSC/SUNAMERICA Defendants admit, on information and belief, that the Hussman Strategic Growth Fund is characterized by Morningstar as a "long-short" fund, and that the Hussman Strategic Growth Fund has held long positions in individual stocks and option combinations on certain stock indices.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 134.

135.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 135, and therefore deny same.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 135.

136.    In response to the allegations in Paragraph 136, the FSC/SUNAMERICA

Defendants state that the investment policy for the Plan executed on or about December 12, 2005 speaks for itself, and deny any allegations in Paragraph 136 inconsistent therewith.

137.    In response to the allegations in Paragraph 137, the FSC/SUNAMERICA Defendants state that the investment policy for the Plan executed on or about December 12, 2005 speaks for itself, and deny any allegations in Paragraph 137 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 137.

138.    In response to the allegations in Paragraph 138, the FSC/SUNAMERICA Defendants state that the prospectus for the Hussman Strategic Growth Fund speaks for itself, and deny any allegations in Paragraph 138 inconsistent therewith.

139.    In response to the allegations in Paragraph 139, the FSC/SUNAMERICA Defendants state that the investment policy for the Plan executed on or about December 12, 2005 speaks for itself, and deny any allegations in Paragraph 139 inconsistent therewith.

140.    Denied.

141.    In response to the allegations in Paragraph 141, the FSC/SUNAMERICA Defendants state that Morningstar's statements, calculations, rankings and conclusions, in Paragraph 141, speak for themselves, and deny any allegations in paragraph 141 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants admit that approximately $4,317,675 of Plan assets were invested in the Hussman Strategic Growth Fund during 2007.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 141.

C.     **The Wharton Business Group/FSC Securities Corporation/Inductotherm Communications**

142.     In response to the allegations in Paragraph 142, the FSC/SUNAMERICA Defendants admit that on or about December 12, 2005, Inductotherm, and Marc Hembrough and Billy Joe Webster of the Wharton Business Group in their capacities as registered investment advisory representatives for FSC Securities Corporation, executed the "Inductotherm, Inc. Profit Sharing Plan Investment Policy."  In further response, the FSC/SUNAMERICA Defendants state that the "Inductotherm, Inc. Profit Sharing Plan Investment Policy" executed on or about December 12, 2005 speaks for itself, and deny any allegations in Paragraph 142 inconsistent therewith.

143.     In response to the allegations in Paragraph 143, the FSC/SUNAMERICA Defendants state that the referenced letters and communications speak for themselves, and deny any allegations in Paragraph 143 inconsistent therewith.

144.     In response to the allegations in Paragraph 144, the FSC/SUNAMERICA Defendants state that the referenced letters and communications speak for themselves, and deny any allegations in Paragraph 144 inconsistent therewith.

145.     In response to the allegations of Paragraph 145, the FSC/SUNAMERICA Defendants state that the referenced letters and communications in Paragraph 145 speak for themselves, and deny any allegations in Paragraph 145 inconsistent therewith.

146.     In response to the allegations of Paragraph 146, the FSC/SUNAMERICA Defendants state that the referenced letters and communications speak for themselves, and deny any allegations in Paragraph 146 inconsistent therewith.

147.     In response to the allegations of Paragraph 147, the FSC/SUNAMERICA Defendants state that the Plan Quarterly Reports referenced in Paragraph 147 speak for

themselves, and deny any allegations in Paragraph 147 inconsistent therewith.

148.    In response to the allegations of Paragraph 148, the FSC/SUNAMERICA Defendants state that the letters referenced in Paragraph 148 speak for themselves, and deny any allegations in Paragraph 148 inconsistent therewith.

149.    In response to the allegations of Paragraph 149, the FSC/SUNAMERICA Defendants state that the letter and financial statement referenced in Paragraph 149 speak for themselves, and deny any allegations in Paragraph 149 inconsistent therewith.

150.    In response to the allegations in Paragraph 150, the FSC/SUNAMERICA Defendants admit that the December 12, 2005 investment policy for the Plan was signed by Billy Joe Webster and Marc Hembrough of the Wharton Business Group in their capacities as registered investment advisory representatives for FSC Securities Corporation.  In further response, the FSC/SUNAMERICA Defendants state that the investment policy, letter and website referenced in Paragraph 150 speak for themselves, and deny any allegations in Paragraph 150 inconsistent therewith.

151.    In response to the allegations of Paragraph 151, the FSC/SUNAMERICA Defendants state that the Plan's December 12, 2005 investment policy speaks for itself, and deny any allegations in Paragraph 151 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 151.

152.    Admitted.

153.    In response to the allegations of Paragraph 153, the FSC/SUNAMERICA Defendants state that the web page referenced in Paragraph 153 speaks for itself, and deny any allegations in Paragraph 153 inconsistent therewith.

154.    In response to the allegations of Paragraph 154, the FSC/SUNAMERICA

Defendants state that the web page referenced in Paragraph 154 speaks for itself, and deny any allegations in Paragraph 154 inconsistent therewith.

155.     In response to the allegations of Paragraph 155, the FSC/SUNAMERICA Defendants admit that Inductotherm is located in New Jersey and that the Wharton Business Group does not have an office located within the State of New Jersey.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 155.

156.     Denied.

157.     In response to the allegations of Paragraph 157, the FSC/SUNAMERICA Defendants that the web pages referenced in Paragraph 157 speak for themselves, and deny any allegations inconsistent therewith.

158.     Denied.

159.     Admitted.

160.     Denied.

161.     In response to the allegations of Paragraph 161, the FSC/SUNAMERICA Defendants admit that the "Wharton Business Group" has not registered as a broker.  In further response, the FSC/SUNAMERICA Defendants state that FSC Securities Corporation is registered with the SEC as a broker-dealer.  The FSC/SUNAMERICA Defendants further state the web pages referenced in Paragraph 161 speak for themselves, and deny any allegations in Paragraph 161 inconsistent therewith.

162.     In response to the allegations of Paragraph 162, the FSC/SUNAMERICA Defendants admit that the "Wharton Business Group" has not registered as an investment adviser.  In further response, the FSC/SUNAMERICA Defendants state that FSC Securities Corporation is registered with the SEC as an investment adviser.  The

FSC/SUNAMERICA Defendants further state that the web pages referenced in Paragraph 162 speak for themselves, and deny any allegations in Paragraph 162 inconsistent therewith.

163.    In response to the allegations of Paragraph 163, the FSC/SUNAMERICA Defendants state that the Central Registration Depository ("CRD") Report (operated by FINRA) for Wharton Business Group, LLC referenced in Paragraph 163 speaks for itself, and deny any allegations in Paragraph 163 inconsistent therewith.

164.    In response to the allegations of Paragraph 164, the FSC/SUNAMERICA Defendants state that the CRD Report referenced in Paragraph 164 speaks for itself, and deny any allegations in Paragraph 164 inconsistent therewith.  The FSC/SUNAMERICA Defendants further state that Wharton Business Group, LLC withdrew its application for registration as an investment adviser with the SEC by filing a Form ADV-W on or about September 21, 2005.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 164.

165.    In response to the allegations of Paragraph 165, the FSC/SUNAMERICA Defendants state that the web page at the address of http://www.robertgueriera.com/ contains the following statement:  "Securities offered through FSC Securities Corporation.  A Registered Broker/Dealer, member FINRA and SIPC."  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 165.

166.    Admitted.

167.    Admitted.

168.    Admitted.

169.    Admitted.

170.     In response to the allegations of Paragraph 170, the FSC/SUNAMERICA Defendants state that the Form ADV referenced in Paragraph 170 speaks for itself, and deny any allegations in Paragraph 170 inconsistent therewith.

171.     In response to the allegations of Paragraph 171, the FSC/SUNAMERICA Defendants state that the web page and Form ADV referenced in Paragraph 171 speak for themselves, and deny any allegations in Paragraph 171 inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants admit that FSC is registered with the SEC as a registered investment adviser and broker-dealer.

172.     In response to the allegations in Paragraph 172, the FSC/SUNAMERICA Defendants states that FSC Securities Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 172.

173.     In response to the allegations of Paragraph 173, the FSC/SUNAMERICA Defendants state that the web page referenced in Paragraph 173 speaks for itself, and deny any allegations in Paragraph 173 inconsistent therewith.

174.     Admitted.

175.     Denied.  In further response to the allegations in Paragraph 175, the FSC/SUNAMERICA Defendants state that Messrs. Hembrough, Morganthaler, Gueriera, Delaney and Webster hold certain securities licenses and registrations through FSC Securities Corporation.

176.     Denied.  In further response to the allegations in Paragraph 176, the FSC/SUNAMERICA Defendants state that Messrs. Hembrough, Morganthaler, Gueriera, Delaney and Webster hold certain securities licenses and registrations through FSC

Securities Corporation.

177.    Admitted.

178.    Admitted.

179.    In response to the allegations of Paragraph 179, the FSC/SUNAMERICA Defendants deny that Marc Hembrough has been an employee of FSC, Princor Financial Services Corp., Principal Life Insurance Co. or the Wharton Business Group, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities during the listed time periods.

180.    In response to the allegations of Paragraph 180, the FSC/SUNAMERICA Defendants deny that John Morgenthaler has been an employee of FSC, Princor Financial Services Corp., Principal Life Insurance Co. or the Wharton Business Group, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities during the listed time periods.

181.    In response to the allegations of Paragraph 181, the FSC/SUNAMERICA Defendants deny that Robert Gueriera has been an employee of FSC, Princor Financial Services Corp., Union Central Life Insurance Co., Principal Mutual Insurance Co. or the Wharton Business Group, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities during the listed time periods.

182.    In response to the allegations of Paragraph 182, the FSC/SUNAMERICA Defendants deny that Matthew Delaney has been an employee of FSC Securities Corporation, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with FSC Securities Corporation during the

listed time periods.

183.     In response to the allegations of Paragraph 182, the
FSC/SUNAMERICA Defendants deny that Billy Joe Webster has been an employee of
FSC, Connecticut General Life Insurance Co. or the Wharton Business Group, LLC, but
admit that he has been associated and/or held insurance and/or securities licenses and
registrations with the listed entities and has been a member of Wharton Business Group,
LLC during the listed time periods.

184.     In response to the allegations of Paragraph 184, the
FSC/SUNAMERICA Defendants state that the web page referenced in Paragraph 184
speaks for itself, and deny any allegations in Paragraph 184 inconsistent therewith.

185.     In response to the allegations of Paragraph 185, the
FSC/SUNAMERICA Defendants admit that Messrs. Delaney, Morgenthaler, Webster
Gueriera and Hembrough hold their securities licenses through FSC Securities
Corporation, but deny that they have been employees of FSC Securities Corporation.

186.     Admitted.

187.     In response to the allegations of Paragraph 187, the
FSC/SUNAMERICA Defendants admit that the "Wharton Business Group" is not
registered with the SEC or with any other State.  In further response, the
FSC/SUNAMERICA Defendants state that the CRD Report referenced in Paragraph 187
speaks for itself, and deny any allegations in Paragraph 187 inconsistent therewith.

188.     Admitted.

189.     In response to the allegations of Paragraph 189, the
FSC/SUNAMERICA Defendants state that the letters, communications and Form 5500s

referenced in Paragraph 189 speak for themselves, and deny any allegations in Paragraph 189 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Paragraph 189.

190.    In response to the allegations of Paragraph 190, the FSC/SUNAMERICA Defendants state that the Plan's Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 speaks for itself, and deny any allegations in Paragraph 190 inconsistent therewith.

191.    In response to the allegations of Paragraph 191, the FSC/SUNAMERICA Defendants state that the Plan's Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 speaks for itself, and deny any allegations in Paragraph 191 inconsistent therewith.

192.    In response to the allegations of Paragraph 192, the FSC/SUNAMERICA Defendants state that the communications referenced in Paragraph 192 speak for themselves, and deny any allegations in Paragraph 192 inconsistent therewith.

193.    In response to the allegations of Paragraph 193, the FSC/SUNAMERICA Defendants state that the communications referenced in Paragraph 193 speak for themselves, and deny any allegations in Paragraph 193 inconsistent therewith.

**D.    Inductotherm's 2008 Quarterly Reports**

194.    In response to the allegations of Paragraph 194, the FSC/SUNAMERICA Defendants admit that Quarterly Reports were sent out regarding the Plan's 2008 investment performance.  In further response, the FSC/SUNAMERICA Defendants state that the Quarterly Reports referenced in Paragraph 194 speak for themselves, and deny

any allegations in Paragraph 194 inconsistent therewith.

195.    In response to the allegations of Paragraph 195, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 speaks for itself, and deny any allegations in Paragraph 195 inconsistent therewith.

196.    In response to the allegations of Paragraph 196, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 speaks for itself, and deny any allegations in Paragraph 196 inconsistent therewith.

197.    In response to the allegations of Paragraph 197, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 speaks for itself, and deny any allegations in Paragraph 197 inconsistent therewith.

198.    In response to the allegations of Paragraph 198, the FSC/SUNAMERICA Defendants state that the Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 speaks for itself, and deny any allegations in Paragraph 198 inconsistent therewith.

199.    In response to the allegations of Paragraph 199, the FSC/SUNAMERICA Defendants state that the Plan's 2008 Quarterly Reports referenced in Paragraph 199 speak for themselves, and deny any allegations in Paragraph 199 inconsistent therewith.

200.    In response to the allegations of Paragraph 200, the FSC/SUNAMERICA Defendants state that the Plan's investment policy entered into on or about December 12, 2005 speaks for itself, and deny any allegations in Paragraph 200 inconsistent therewith.

201. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201, and therefore deny same.

202. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202, and therefore deny same.

203. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203, and therefore deny same.

204. In response to the allegations of Paragraph 204, the FSC/SUNAMERICA Defendants state that the Quarterly Reports regarding the Plan's 2008 investment performance speak for themselves, and deny any allegations in Paragraph 204 inconsistent therewith.

205. In response to the allegations of Paragraph 205, the FSC/SUNAMERICA Defendants state that the final Quarterly Report for the year end 2008 speaks for itself, and deny any allegations in Paragraph 205 inconsistent therewith.

206. Denied.

207. In response to the allegations of Paragraph 207, the FSC/SUNAMERICA Defendants admit that the Plan's investment return for 2008 was negative 27.6%. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 207, and therefore deny same.

208. Denied.

**E.    Boris Goldenberg's Form Release**

209. The FSC/SUNAMERICA Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 209, and therefore deny same.

210.     In response to the allegations of Paragraph 210, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 210 speak for themselves, and deny any allegations in Paragraph 210 inconsistent therewith.

211.     In response to the allegations of Paragraph 211, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 211 speak for themselves, and deny any allegations in Paragraph 211 inconsistent therewith.

212.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 212, and therefore deny same.

213.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 213, and therefore deny same.

214.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 214, and therefore deny same.

215.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215, and therefore deny same.

216.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216, and therefore deny same.

217.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 217, and therefore deny same.

218.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218, and therefore deny same.

219.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219, and therefore deny same.

220.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220, and therefore deny same.

221.    In response to the allegations in Paragraph 221, the FSC/SUNAMERICA Defendants state that the release and the letter referenced in Paragraph 221 speak for themselves, and deny any allegations in Paragraph 221 inconsistent therewith.

222.    In response to the allegations in Paragraph 222, the FSC/SUNAMERICA Defendants state that the release, Form 5500s and Plan documents referenced in Paragraph 222 speak for themselves, and deny any allegations in Paragraph 222 inconsistent therewith.

223.    In response to the allegations in Paragraph 223, the FSC/SUNAMERICA Defendants state that the release referenced in Paragraph 223 speaks for itself, and deny any allegations in Paragraph 223 inconsistent therewith.

224.    In response to the allegations in Paragraph 224, the FSC/SUNAMERICA

Defendants state that the release referenced in Paragraph 224 speaks for itself, and deny any allegations in Paragraph 224 inconsistent therewith.

225.    In response to the allegations in Paragraph 225, the FSC/SUNAMERICA Defendants state that the release referenced in Paragraph 225 speaks for itself, and deny any allegations in Paragraph 225 inconsistent therewith.

226.    In response to the allegations in Paragraph 226, the FSC/SUNAMERICA Defendants state that the release referenced in Paragraph 226 speaks for itself, and deny any allegations in Paragraph 226 inconsistent therewith.

227.    In response to the allegations in Paragraph 227, the FSC/SUNAMERICA Defendants state that the release referenced in Paragraph 227 speaks for itself, and deny any allegations in Paragraph 227 inconsistent therewith.

228.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 228 and therefore deny same.

229.    In response to the allegations in Paragraph 229, the FSC/SUNAMERICA Defendants state that the letters referenced in Paragraph 229 speak for themselves, and deny any allegations in Paragraph 229 inconsistent therewith.

230.    In response to the allegations in Paragraph 230, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 230 speak for themselves and deny any allegations in Paragraph 230 inconsistent therewith.

231.    In response to the allegations in Paragraph 231, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 231 speak for themselves, and deny any allegations in Paragraph 231 inconsistent therewith.

232.     In response to the allegations in Paragraph 232, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 232 speak for themselves, and deny any allegations in Paragraph 232 inconsistent therewith.

233.     In response to the allegations in Paragraph 233, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 233 speak for themselves, and deny any allegations in Paragraph 233 inconsistent therewith.

**F.     The Concerted Action**

234.     Denied.

235.     Denied.

236.     Denied.

**G.     Damages to Plaintiffs/Plan**

237.     Denied.

## VI.   CLASS ALLEGATIONS

238.     The FSC/SUNAMERICA Defendants admit that Paragraph 238 describes the purported Class.  The FSC/SUNAMERICA Defendants deny that class treatment is appropriate in this case.

239.     The FSC/SUNAMERICA Defendants admit that Paragraph 239 describes those persons and entities excluded from the purported Class.  The FSC/SUNAMERICA Defendants deny that class treatment is appropriate in this case.

240.     Denied.

241.     Denied.

242.     Denied.

243.     Denied.

244.     Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

## VII.   ERISA CLAIMS FOR RELIEF

### COUNT I

**Breach of Fiduciary Duty by Failing to Abide
by Plan Documents**

**(Violation of ERISA §404(a), 29 U.S.C. §1104(a))**

1.    The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.    The allegations in Count I, Paragraph 2 of the Complaint state in whole or in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count I, Paragraph 2, and therefore deny same.

3.      Count I, Paragraph 3 purports to state a legal conclusion to which no response is required.

4.      The Plan documents referenced in Count I, Paragraph 4, speak for themselves, and the FSC/SUNAMERICA Defendants deny any allegation in Count I, Paragraph 4 inconsistent therewith.

5.      The Plan documents referred to in Count I, Paragraph 5, speak for themselves, and the FSC/SUNAMERICA Defendants deny any allegation in Count I, Paragraph 5 inconsistent therewith.

6.      The release referred to in Count I, Paragraph 6, speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Paragraph 6 inconsistent therewith.

7.      The letter referred to in Count I, Paragraph 7, speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Paragraph 7 inconsistent therewith.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

## COUNT II

**Breach of Fiduciary Duty by Causing the Plan to
Pay Excessive Fees to Charlotte Capital, LLC,
which Caused Losses to the Plan**

**(Violation of ERISA §404(a), 29 U.S.C. §1104(a))**

Dismissed per Order entered September 17, 2010.

## COUNT III

**Engaging in Prohibited Transactions by Causing
the Plan to Invest in the SunAmerica Money
Market Fund**

**(Violation of ERISA §§406(b)(1),(2) and(3) and
29 U.S.C.  §§1106(b)(1),(2) and(3))**

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the

allegations of the Complaint contained in the previous paragraphs of this Answer as if

fully set forth herein.

2.      Count III, Paragraph 2, purports to state a legal conclusion to which no

response is required.

3.      Schedule C of the Form 5500 for the Plan year commencing on January 1,

2006 and ending on December 31, 2006 referred to in Count III, Paragraph 3 speaks for

itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count III,

Paragraph 3 inconsistent therewith.

4.      Schedule C of the Form 5500 for the Plan year commencing on January 1,

2007 and ending on December 31, 2007 referred to in Count III, Paragraph 4 speaks for

itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count III,

Paragraph 4 inconsistent therewith.

5.      In response to the allegations in Count III, Paragraph 5, the

FSC/SUNAMERICA Defendants admit that FSC Securities Corporation is a wholly-owned subsidiary of Financial Service Corporation and that FSC Securities Corporation and Financial Service Corporation are indirect wholly-owned subsidiaries of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count III, Paragraph 5.

6.      Denied.

7.      The financial statement for the Plan year commencing on January 1, 2007 and ending on December 31, 2007 referred to in Count III, Paragraph 7 speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count III, Paragraph 7 inconsistent therewith.

8.      Denied.

9.      In response to the allegations of Count III, Paragraph 9, the FSC/SUNAMERICA Defendants admit that the SunAmerica Money Market Fund prospectus describes the fees paid to SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc. and SunAmerica Fund Services, Inc., and deny any allegations in Count III, Paragraph 9 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations of Count III, Paragraph 9.

10.      In response to the allegations of Count III, Paragraph 10, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc and SunAmerica Fund Services, Inc. are indirect wholly-owned subsidiaries of AIG, and that from time to time AIG, as a holding company, has received dividend distributions and other payments from certain of its direct subsidiaries.  The FSC/SUNAMERICA Defendants deny the remaining allegations

in Count III, Paragraph 10.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

## COUNT IV

**Engaging in Prohibited Transactions by Causing the Plan to Invest in the SunAmerica Money Market Fund**

**(Violation of ERISA §406 (a) (1) (A), (C) and (D) and 29 U.S.C. §§1106(a) (A),(C) and (D))**

Dismissed per Order entered September 17, 2010.

## COUNT V

**Breach of Fiduciary Duty by Causing the Plan to Invest in the SunAmerica Money Market Fund**

**(Violation of ERISA §404(a)(1)(B), 29 <u>U.S.C.</u> §1104(a)(1)(B))**

    1.    The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

    2.    Denied.

    3.    Denied.

    4.    Denied.

    5.    In response to the allegations of Count V, Paragraph 5, the

FSC/SUNAMERICA Defendants admit that the SunAmerica Money Market Fund had four fund share classes labeled A, B, C and I until on or about June 3, 2009. In further response, the FSC/SUNAMERICA Defendants state that the documents referenced in Count V, Paragraph 5, as well as the public filings reporting the annual returns for the Vanguard Prime Money Market Fund, speak for themselves, and deny any allegations in Count V, Paragraph 5 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count V, Paragraph 5.

6. Denied.

7. Denied.

8. Admitted.

9. In response to the allegations in Count V, Paragraph 9, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp. lists with the SEC the same principal office address as SunAmerica Money Market Fund, Inc. In further response, the FSC/SUNAMERICA Defendants state that SunAmerica Asset Management Corp. serves as investment adviser to, provides various administrative services to, and supervises the daily business affairs of the SunAmerica Money Market Fund.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count V, Paragraph 9.

10. Admitted.

11. In response to the allegations of Count V, Paragraph 11, the FSC/SUNAMERICA Defendants state that the SunAmerica Asset Management Corp.'s Form ADV speaks for itself, and deny any allegations in Count V, Paragraph 11 inconsistent therewith.

12.  Denied.

13.  Denied.

14.  Denied.

## COUNT VI

**Breach of Fiduciary Duty of Loyalty and
Prudence by Causing the Plan to Invest in the
SunAmerica Money Market Fund**

**(Violation of ERISA §404(a)(1)(A), 29 U.S.C.
§1104(a)(1)(A))**

1.  The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.  Denied.

3.  Denied.

4.  Denied.

5.  Denied.

## COUNT VII

**Breach of Fiduciary Duty by Failing Abide by
Plan Documents By Investing in the Hussman
Strategic Growth Fund**

**(Violation of ERISA §404(a), 29 U.S.C.
§1104(a))**

1.  The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.  Denied.

3.  Count VII, Paragraph 3 purports to state a legal conclusion as to which no

response is required.

      4.      Admitted, on information and belief.

      5.      Denied.  In further response, the FSC/SUNAMERICA Defendants state

that the Plan's investment policy executed on or about December 12, 2005 speaks for

itself, and deny any allegations in Count VIII, Paragraph 5 inconsistent therewith.

      6.      Denied.

      7.      Denied.

      8.      Denied.

## COUNT VIII

### Breach of Fiduciary Duty by Causing the Plan to Invest in the Hussman Strategic Growth Fund

### (Violation of ERISA §404 (a) (1) (B) , 29 U.S.C. §1104 (a) (1) (B) )

Dismissed per Order entered September 17, 2010.

## COUNT IX

### Breach of Fiduciary Duty For Following an Imprudent Investment Strategy

### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

      1.      The FSC/SUNAMERICA Defendants incorporate their responses to the

allegations of the Complaint contained in the previous paragraphs of this Answer as if

fully set forth herein.

      2.      Denied.

      3.      Count IX, Paragraph 3 purports to state a legal conclusion to which no

response is required.

4.      In response to the allegations in Count IX, Paragraph 4, the

FSC/SUNAMERICA Defendants state that the Plan's investment policy executed on or

about December 12, 2005 speaks for itself, and deny any allegations in Count IX,

Paragraph 4 inconsistent therewith.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

## Count X

**Breach of Fiduciary Duty by Misrepresenting to
Plaintiffs "Conservativeness" of the Plan's
Investment Strategy and the Plan's True
Investment Manager**

**(Violation of ERISA §404(a), 29 U.S.C.
§1104(a))**

Dismissed per Order entered September 17, 2010.

## COUNT XI

**SunAmerica Asset Management Corp.,
SunAmerica Capital Services, Inc., SunAmerica
Fund Services, Inc. and AIG Violated ERISA by
Knowingly Participating in Breaches of
Fiduciary Duty and Prohibited Transactions**

**(Violation of ERISA §502 (a) (3) , 29 U.S.C. §
1132 (a) (3))**

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the

allegations of the Complaint contained in the previous paragraphs of this Answer as if

fully set forth herein.

2.      In response to the allegations in Count XI, Paragraph 2, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., Financial Service Corporation, and FSC Securities Corporation were indirect wholly-owned subsidiaries of AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XI, Paragraph 2.

3.      In response to the allegations of Count XI, Paragraph 3, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc and SunAmerica Fund Services, Inc. at all relevant times were indirect wholly-owned subsidiaries of AIG, and that from time to time AIG, as a holding company, has received dividend distributions and other payments from certain of its direct subsidiaries.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XI, Paragraph 3.

4.      Denied.

5.      Denied.

6.      Denied.

### COUNT XII

**Breach of Fiduciary Duty For Not Selecting the Plan's Investment Manager, With the Required Care, Skill, Prudence and Diligence**

**(Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))**

Dismissed per Order entered September 17, 2010.

## COUNT XIII

**Breach of Fiduciary Duty For Not Selecting the Plan's Investment Manager, With the Required Care, Skill, Prudence and Diligence**

**(Violation of ERISA §404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B))**

Dismissed per Order entered September 17, 2010.

## COUNT XIV

**Breach of Co-Fiduciary Duty By Knowingly Participating and/or Concealing the Financial Service Corporation's, FSC Securities Corporation's and the Wharton Business Group's Breaches of Fiduciary Duties and Prohibited Transaction**

**(Violation of ERISA §405, 29 U.S.C. §1105)**

Dismissed per Order entered September 17, 2010.

## COUNT XV

**Failure to Allocate Responsibilities for the Operation and Administration of the Plan**

**(Violation of ERISA §402(b)(2), 29 U.S.C. §1102(b)(2))**

Dismissed per Order entered September 17, 2010.

## COUNT XVI

**General Award of Equitable Relief Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3)**

Dismissed per Order entered September 17, 2010.

## VIII.   COMMON LAW COUNTS
## COUNT XVII

**Fraudulent Concealment Against All Defendants'**

Dismissed per Order entered September 17, 2010.

## COUNT XVIII

**Fraudulent Concealment Against Defendant Wharton Business Group**

Dismissed per Order entered September 17, 2010.

## IX.   SECURITIES LAWS CLAIMS FOR RELIEF

## COUNT XIX

**Violations of the 1933 Act Against Defendant SunAmerica Capital Services, Inc. For Fraud In the Sale of a Security (15 U.S.C. § 77j(a)(2))**

Dismissed per Order entered September 17, 2010.

## COUNT XX

**Violations of Rule 10b-5 of the Securities Exchange Act of 1934, Against Defendant Wharton Business Group**

Dismissed per Order entered September 17, 2010.

## COUNT XXI

**Fraud Under the New Jersey Uniform Securities Laws**

**(Violation of N.J.S.A. 49.3-49(e) Against the Wharton Business Group)**

Dismissed per Order entered September 17, 2010.

## RICO CLAIMS FOR RELIEF

## COUNT XXII

## VIOLATIONS OF RICO §§1962(c) AND 1962(d)

Dismissed per Order entered September 17, 2010.

In further response to the Complaint, the FSC/SUNAMERICA Defendants deny any and all allegations not specifically admitted in this Answer, including the allegations, claims and prayers for relief in the "Prayer for Relief" section of the Complaint.

## <u>DEFENSES</u>

## <u>FIRST DEFENSE</u>

Each and every count of the Complaint fails to state a claim upon which relief can be granted.

## <u>SECOND DEFENSE</u>

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because they have failed to exhaust the claim procedures set forth in the documents governing the Plan, and as required by ERISA, with regard to each and every claim set forth in the Complaint.

### THIRD DEFENSE

Plaintiffs and/or putative class members lack standing, either individually or in a representative capacity, to assert the claims set forth in the Complaint.

### FOURTH DEFENSE

Plaintiff's claims and/or those asserted on behalf of the putative class are barred in whole or in part by the applicable periods of limitation and/or the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part by the doctrines of waiver, release and/or estoppel.

### SIXTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the alleged damages and/or the alleged harm to the Plan was not directly or proximately caused by any wrongdoing or breach of duty by the FSC/SUNAMERICA Defendants.

### SEVENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the relief Plaintiffs seek is not available under ERISA.

### EIGHTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in

whole or in part because one or more of the transactions at issue did not involve the Plan's assets.

### NINTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because they are precluded from obtaining the relief they seek under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), because such relief is not on behalf of the Plans or for harm to the Plans.

### TENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because they are contrary to or conflict with the terms of ERISA, 29 U.S.C. §§ 1001, et seq., and the regulations promulgated thereunder, including without limitation ERISA § 404, 29 U.S.C. § 1104, ERISA § 405, 29 U.S.C. § 1105, ERISA § 406, 29 U.S.C. § 1106, ERISA § 408, 29 U.S.C. § 1108, and ERISA § 409, 29 U.S.C. § 1109.

### ELEVENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the alleged damages and /or the alleged harm to the Plan were the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom the FSC/SUNAMERICA Defendants had no control and for whom the FSC/SUNAMERICA Defendants are not liable.

## TWELFTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the FSC/SUNAMERICA Defendants' actions do not meet the standards for co-fiduciary liability under ERISA § 405, 29 U.S.C. § 1105.

## THIRTEENENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part by the exemptions provided in ERISA § 408, 29 U.S.C. § 1109, regulations promulgated thereunder, and various prohibited transaction class exemptions and other pronouncements of applicable law issued by the U.S. Department of Labor.

## FOURTEENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the FSC/SUNAMERICA Defendants were not fiduciaries of the Plan and/or acting in such a capacity when taking the actions at issue

## FIFTEENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because some or all of the FSC/SUNAMERICA Defendants did not participate in a prohibited transaction, with or without knowledge of same, and have no fees or other funds to disgorge.


**WHEREFORE**, the FSC/SUNAMERICA Defendants respectfully pray that the Court dismiss the Complaint, enter judgment against Plaintiff and in favor of the FSC/SUNAMERICA Defendants, and further grant the FSC/SUNAMERICA Defendants such other and further relief as the Court deems just and proper.

Dated:  October 1, 2010.

Respectfully submitted,

s/ Craig Carpenito_____
Craig Carpenito (CC-1686)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9400
Fax: (212) 210-9444
Email: craig.carpenito@alston.com

**Counsel for Defendants**  American International
Group, Inc., FSC Securities Corporation,
SunAmerica Asset Management Corp.,
SunAmerica Capital Services, Inc.,
SunAmerica Fund Services, Inc., and Wharton
Business Group

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in

controversy is not the subject of any other action pending in any court, or of any pending

arbitration or administrative proceeding.

Dated:  October 1, 2010              s/ Craig Carpenito_____
                                     Craig Carpenito