```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BORIS GOLDENBERG et. al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 09-5202 (JBS/AMD) |
| v. | |
| INDEL, INC. et. al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

    This matter is before the Court upon Plaintiffs' motion for sanctions against the Inductotherm Defendants and their counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. [Docket Item 52.]  The Court finds as follows:

    1.  In a brief filed in reply to Plaintiffs' opposition to Defendants' motion to dismiss, the Inductotherm Defendants suggested that Plaintiffs could be sanctioned under various statutes or the Court's inherent power for including three counts in their Complaint that Plaintiffs later conceded were meritless. (Inductotherm Def.'s Rep. Br. Motion to Dismiss 20-24.)  When withdrawing the claims, Plaintiffs stated that their own investigation rather than any opposing arguments revealed sufficient infirmities with the claims that they should be withdrawn.  The Inductotherm Defendants encouraged the Court to hold an evidentiary hearing to determine whether Plaintiffs properly investigated these claims and the rest of their claims

before filing them.  (Id. at 23.)  In the reply brief in question, the Inductotherm Defendants invoked various provisions permitting a Court to order sanctions in its discretion.  See 29 U.S.C. § 1132(g)(1); Rule 11(c)(3), Fed. R. Civ. P.; 28 U.S.C. § 1927.

2.  In the present motion, Plaintiffs argue that the Inductotherm Defendants themselves violated Rule 11 of the Federal Rules of Civil Procedure for suggesting that Plaintiffs should be sanctioned.  Plaintiffs make three principal arguments supporting this claim for sanctions, none of which has merit.

3.  First, Plaintiffs argue that since the withdrawn counts had already been withdrawn by the time the reply brief was filed, the insufficient investigation of those claims cannot be the basis of sanctions.  This is only partially correct.  The Rule provides, "The Court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."  11(c)(5)(B), Fed. R. Civ. P.  But this restriction is explicitly limited to monetary sanctions.  The Court is empowered to issue a number of other sanctions against malfeasant parties, including censure, educational requirements, or referral to disciplinary authorities.  The Court finds no part of the offending reply brief that states that the Court should

impose monetary sanctions on Plaintiffs pursuant to Rule 11(c)(3).  Indeed, the mention of monetary sanctions is accompanied only by discussion of 29 U.S.C. § 1132(g)(1) and 28 U.S.C. § 1927, and then only in the hypothetical context that the Court "grants the motions to dismiss the Complaint in its entirety" and has determined that "no adequate investigation was made by Plaintiffs' counsel to support the allegations of the Complaint."  (Inductotherm Defs.' Rep. Br. to Motion to Dismiss 23.)  At worst, the brief is ambiguous at to whether it seeks monetary sanctions under Rule 11(c)(3), and the Court will not sanction Defendants based on that kind of ambiguity.

    4.  Second, Plaintiffs argue that any Rule 11 motion must be filed as a separate pleading.  This is true, for motions pursuant to Rule 11(c)(2).  But Defendants were asking the Court to consider sanctions under Rule 11(c)(3), which provides for sanctions to be awarded on the Court's own initiative.  Plaintiffs' argument therefore rests on the premise that it is not only improper to suggest that the Court consider Rule 11(c)(3) sanctions, but that it is so improper as to constitute the sort of extraordinary conduct for which sanctions are warranted.

    5.  Rule 11 sanctions are warranted "only in the 'exceptional circumstances' where a claim or motion is patently unmeritorious or frivolous."  <u>Watson v. City of Salem</u>, 934 F.

Supp. 643, 662 (D.N.J. 1995) (citing Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)). Sanctions are imposed only in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[] of the legal system." Doering, 857 F.2d at 194.  The Court does not agree with Plaintiffs that the mere suggestion that the Court should consider using its Rule 11(c)(3) power constitutes such an extraordinary abuse of the legal system.  The Inductotherm Defendants had a good faith argument that the Court needed to conduct an evidentiary hearing to assess the sufficiency of Plaintiffs' investigation of their complaint prior to filing it.  Arguably, moving for sanctions under Rule 11(c)(2) would have been premature without knowing whether Plaintiffs had indeed conducted insufficient initial investigation of their complaint.  Suggesting sanctions under Rule 11(c)(3) may not have been the correct way of seeking that result, but it is not so improper as to warrant sanctions.  It should be noted that the Local Civil Rules provide that a party may request permission to file a sur-reply, an option Plaintiffs chose not to exercise.  Thus, Plaintiffs' contention that they were blind-sided and left without a chance to respond to the reply brief is not persuasive.

  6.  Finally, Plaintiffs argue that because the withdrawn claims did not involve ERISA claims, it was improper for the Inductotherm Defendants to cite 29 U.S.C. § 1132(g), which

applies to frivolous ERISA claims.  But the reply brief discusses 29 U.S.C. § 1132(g) in the context of the Inductotherm Defendants' perception that Plaintiffs may have failed to conduct satisfactory investigation of all of their claims, and contemplates sanctions under § 1132(g) as potentially being awarded after the Court conducted an evidentiary hearing regarding the Plaintiffs' investigation of all of their claims and "[i]n the event the Court determines that no adequate investigation was made by Plaintiffs' counsel to support the allegations of the Complaint."  (Inductotherm Defs.' Rep. Br. to Motion to Dismiss 23.)  In such an event, it would indeed be proper for the Court to consider sanctions under 29 U.S.C. § 1132(g).

    7.  The question remains whether this Court will order the evidentiary hearing urged by the Inductotherm Defendants in their reply brief.  The Court declines to do so, or to otherwise award sanctions.  All that is known is that Plaintiffs discovered some infirmities with some of their claims after filing them.  Although this raises the possibility that Plaintiffs failed in their pre-filing responsibilities, a party's belated recognition that some claims in a multi-count, complicated complaint are meritless does not warrant a sufficient inference of misconduct to justify holding an evidentiary hearing, in light of the competing interests at play.  The Court's policy when balancing

the competing goals of encouraging permissive withdrawal of meritless claims and discouraging their initial filing has been to lean more heavily on policies that encourage withdrawal.  <u>See</u> Rule 11(c)(5), Fed. R. Civ. P.  Consistent with that balancing of the relevant interests, the Court is not inclined to order evidentiary hearings for potential sanctions just because a party withdraws claims, as it may unduly discourage such withdrawal.

8.  In summary, Plaintiffs' motion for Rule 11 sanctions will be denied as the Inductotherm Defendants conduct in suggesting that this Court consider its inherent power to award sanctions was not so improper as to be sanctionable.  The accompanying Order will be entered.

**March 25, 2011**                     **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       United States District Judge