[Doc. No. 85]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
BORIS GOLDENBERG, et al.,          :
                                   :
             Plaintiffs,           :
                                   :
      v.                           :      Civil No. 09-5202 (JBS/AMD)
                                   :
INDEL, INC., et al.,               :
                                   :
             Defendants.           :
```

**<u>ORDER</u>**

This matter comes before the Court by way of motion [Doc. No. 85] of Plaintiffs, Boris Goldenberg, Reinaldo Pachecho, Andrew Leow, and Gerald Comeau, (hereinafter, "Plaintiffs"), as representatives of a class of similarly situated persons and on behalf of the Inductotherm Companies Master Profit Sharing Plan #001, seeking to file a second amended complaint pursuant to FED. R. CIV. P. 15(a). The Court has considered the submissions of the parties, and held oral argument on the motion on June 13, 2011. For the reasons that follow, Plaintiffs' motion for leave to file a second amended complaint is granted in part, and denied in part.[1]

The background of this case is set forth in the District Court's Opinion dated September 17, 2010 and only those facts

---

1. Also pending before the Court are Plaintiffs' motion [Doc. No. 104] to modify the Court's prior scheduling order, Plaintiffs' motion [Doc. No. 105] seeking leave to file a third amended complaint in this action, and Plaintiffs' Motion to Compel Production of Documents Pursuant to Rule 37 [Doc. No. 116]. The Court will address these motions separately.

relevant to the present motion are set forth herein.  (Op. [Doc. No. 55] 2-4, Sept. 17, 2010); see also Goldenberg v. Indel, Inc., 741 F. Supp. 2d 618, 623-24 (D.N.J. 2010).  As noted by the District Court, this action is a putative class action in which Plaintiffs allege that Defendants mismanaged the Inductotherm Companies Master Profit Sharing Plan (hereinafter, "the Plan") designed to provide retirement benefits to Inductotherm employees. Goldenberg at 623.  Plaintiffs and putative class members are past or present participants whose contributions were ultimately deposited into an investment fund under the supervision of the Plan's Trustees.  Id.  As set forth by the District Court, the Plan "is sponsored by Inductotherm Industries, Inc., also known as Indel, Inc., 'a privately owned company that acts as the management service company for a group of engineering and technology-based companies.'"  Id. (citation omitted).  In this case, Plaintiffs have alleged claims against three sets of Defendants:  (1) the "Inductotherm Defendants" which include the individual Trustees of the Plan and Indel, Inc.; (2) the "FSC Defendants" which include Financial Services Corporation, FSC Securities Corporation, and the Wharton Business Group, which allegedly provided advice to the Plan's Trustees concerning investment of the Plan's assets; and (3) the  "SunAmerica  Defendants"  which  include  the  American International Group, SunAmerica Asset Management Corporation, SunAmerica Capital Services, Inc., and SunAmerica Fund Services, Inc., entities related to the SunAmerica Money Market Fund, the fund in which the Plan's assets were invested.  Id. at 623-24.

Plaintiffs contend that in 2005, the Inductotherm Defendants retained the FSC Defendants to assist with investing the Plan's assets which led to the purchase of shares of the SunAmerica Money Market Fund. <u>Id.</u> at 624. Plaintiffs assert that the investments performed poorly partially because "the fiduciaries failed to perform their duties, misled Plaintiffs about various aspects of the investments, failed to act in the interest of the Plan, and violated various securities laws and regulations." <u>Id.</u>

In the present motion, Plaintiffs seek leave to file a second amended complaint to allege four[2] new counts against Defendants. Specifically, Plaintiffs seek to add Counts XXVI, XXVII, XXVIII, and XXIX. (Pls.' Br. in Supp. of Mot. for Leave to File Second Am. Class Action Compl. and Jury Demand [Doc. No. 85-1] (hereinafter, "Pls.' Br."), 14-17.) In Count XXVI of the proposed second amended complaint, Plaintiffs allege that "the Inductotherm Defendants breached their fiduciary duties when they failed to undertake a sufficient investigation prior to retaining FSC/Wharton."[3] (Pls.' Br. 24.) Plaintiffs allege that the hiring

---

2. By Consent Order dated June 21, 2011, the Court previously granted in part Plaintiffs' request for leave to file a second amended complaint with respect to Counts XXIII, XXIV, and XXV of Plaintiffs' proposed second amended complaint in light of Defendants consenting to this request. (Order [Doc. No. 100] 2, June 21, 2011.) Accordingly, this Order only addresses whether Plaintiff will be permitted to amend the complaint to include the remaining Counts which Defendants oppose - Counts XXVI, XXVII, XXVIII, and XXIX.

3. As set forth in Plaintiffs' brief in support of this motion, Plaintiffs' use of "FSC/Wharton" refers to Defendants FSC Securities Corporation and the Wharton Business Group. (Pls.' Br. 3.)

of FSC/Wharton as a service provider to the Plan was a fiduciary function which the Inductotherm Defendants breached by failing to inquire into FSC/Wharton's qualifications to manage the Plan at issue prior to the time FSC/Wharton was retained.  (Id. at 24-25.) Plaintiffs assert that if the Inductotherm Defendants had conducted the proper inquiry initially, "they would have learned that FSC/Wharton was not qualified to manage the Plan[,]" and that this "lack of experience and qualifications" by FSC/Wharton resulted in losses to the Plan.  (Id. at 25.)  Accordingly, Plaintiffs assert that Count XXVI is not futile.  (Id. at 26.)

Plaintiffs allege in Count XXVII of the proposed second amended complaint that "the Inductotherm Defendants breached their fiduciary duties by accepting and executing" an imprudent, overly aggressive investment strategy that was too heavily concentrated in equities as proposed and implemented by FSC/Wharton.  (Id. at 26.) Specifically, Plaintiffs assert that "[i]mplementing an investment strategy that ignores participant ages and excessively invests Plan assets in equities states a claim for breach of fiduciary duty under ERISA 404(a)(1)(B)."  (Id.)  Plaintiffs allege that the Inductotherm Defendants acted imprudently by adopting a uniform investment strategy for all Plan participants and failing to consider the ages of the Plan participants in designing the investment strategy for the Plan.  (Id. at 27.)

Counts XXVIII and XXIX of the proposed second amended complaint allege the same causes of action against the Inductotherm Defendants and FSC/Wharton, respectively.  (Id. at 28.)  These

4

Counts allege that Defendants breached their fiduciary duties "by not implementing, or requiring to be implemented, an age dependent investment strategy by account." (Id. at 17.) Plaintiffs contend that despite the fact that "each Plaintiff has an individual account under the Plan, the Plan invested its assets in the aggregate with no consideration of the ages for the Plan participants[,]" whereby "each Plaintiff received a fractional interest of the Investment Fund." (Id. at 27.) Plaintiffs represent that the use of this uniform investment strategy resulted in each account holding the same investments without regard to the age of an individual participant, and argue that the "composition of each individual account should have been adjusted with consideration of the age of the Plan participant on whose behalf the account was maintained." (Id. at 27-28.) Plaintiffs contend that these counts are not futile because a prudent fiduciary would have implemented an investment strategy accounting for Plaintiffs' ages.[4] (Id. at 28.)

The Inductotherm Defendants oppose Plaintiffs' motion to amend on futility grounds and assert that the claims set forth in Counts XXVI, XXVII, or XXVIII are not "legally viable or factually supportable." (Inductotherm Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Leave to Amend [Doc. No. 88] (hereinafter, "Inductotherm

---

4. Plaintiffs also argue that there has been no undue delay in filing the present motion to amend the complaint. (Pls.' Br. 28-29.) However, as set forth infra, Defendants do not oppose Plaintiffs' motion to amend on the grounds of undue delay or prejudice. Defendants only oppose Plaintiffs' motion on the basis of futility of amendment.

Defs.' Opp'n"), 1-2.)   Defendants American International Group, Inc., FSC Securities Corporation, SunAmerica Asset Management Corporation, SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., and the Wharton Business Group, (hereinafter, "the FSC/SunAmerica Defendants"), similarly oppose Plaintiffs' motion to amend on futility grounds to the extent Plaintiffs seek to include Count XXIX which is pled against Defendants FSC Securities Corporation and the Wharton Business Group, (collectively, "FSC/Wharton"). (FSC/SunAmerica Defs.' Mem. in Opp'n to Pls.' Mot. for Leave to Amend [Doc. No. 87] (hereinafter, "FSC/SunAmerica Defs.' Opp'n"), 1-2.)[5]

Specifically, as to Count XXVI, the Inductotherm Defendants dispute Plaintiffs' contention that they failed to investigate the experience or qualifications of FSC/Wharton to manage the Plan before retaining FSC/Wharton, and argue that "Count XXVI is based on allegations that are contrary to the undisputed facts and is, therefore, a futile amendment." (Inductotherm Defs.' Opp'n 15, 17-18.)   In support, the Inductotherm Defendants submit

_____

5. In opposing Plaintiffs' motion to amend, the FSC/SunAmerica Defendants "adopt and incorporate by reference the arguments and citations of authority as to Count XXVIII made by the Inductotherm Defendants in their Memorandum in Opposition to Plaintiff's Motion for Leave to Amend, ..., because Count XXVIII alleges the same theory of liability against the Inductotherm Defendants as Count XXIX alleges against FSC/Wharton." (FSC/SunAmerica Defs.' Opp'n 2.)  Accordingly, with respect to Count XXIX, the Court will refer to the same arguments set forth by the Inductotherm Defendants with respect to Count XXVIII.  The Court also notes that of the four counts remaining at issue on this motion, Count XXIX is the only count of the proposed second amended complaint asserting claims against any of the FSC/SunAmerica Defendants.

the Certification of Matthew S. Barndt [Doc. No. 88-1] to which they attached the minutes from nine separate Trustees' meetings held in late 2005.  (See Exs. A-I to the Certification of Matthew S. Barndt in Supp. of the Inductotherm Defs.' Opp'n to Pls.' Mot. to Amend [Doc. No. 88-2] 1-19.)   The Inductotherm Defendants contend that these minutes demonstrate that the Trustees conducted their due diligence inquiry, prior to retaining the Wharton Business Group, by holding a series of meetings in the fall of 2005 at which seven different investment advisory firms made presentations to the Trustees.  (Inductotherm Defs.' Opp'n 16-17.)

       With respect to Count XXVII, the Inductotherm Defendants challenge "Plaintiffs' theory that the Inductotherm Defendants had a fiduciary duty to select more conservative investments based on the fact that some of the participants [in the Plan] were older employees."  (Id. at 15.)  The Inductotherm Defendants argue that "ERISA does not require a fiduciary to invest differently for the benefit of one segment of the plan's participant population[,]" and that the theory underlying Count XXVII has been uniformly rejected by the Third Circuit and other federal courts.  (Id. at 10.)  The Inductotherm Defendants further contend that the language of Section 404(a)(1) of ERISA confirms that plan assets are to be invested for participants as a whole because Section 404(a)(1) requires a fiduciary to act "solely in the interest of the participants" as opposed to in the "best interest" of each participant.  (Id. at 11.)  The Inductotherm Defendants assert that "fiduciaries are not required to consider the age of the participants in selecting plan investments" and that "age [is] an

7

appropriate consideration only as it may bear on the approaching retirements of participants and thus implicate the plan's need to fund withdrawals or payouts." (Id. at 14-15.)

As to Counts XXVIII and XXIX, the Inductotherm Defendants and the FSC/SunAmerica Defendants contend that these counts attempt to challenge the structure of the Plan and are futile because they fail as a matter of law. (Id. at 9.) Defendants[6] contend that these counts are essentially disputes "about plan structure, which is a 'settlor issue' and not subject to ERISA's fiduciary provisions." (Id. at 5.) Defendants characterize Plaintiffs' allegations in Counts XXVIII and XXIX as asserting that "the Plan should have provided for an allocation of the Investment Fund among categories of participants by age, rather than giving each participant a fractional interest in the Investment Fund as provided for under the Plan's extant terms." (Id. at 6.) Defendants argue, however, that Plaintiffs do not assert a claim under ERISA because these proposed counts are not "claim[s] about the management or performance of the [Defendants] in administering the Plan as written" thus Defendants' fiduciary duties are not implicated. (Id. at 6.)

Federal Rule of Civil Procedure 15 governs amendment of pleadings. The Federal Rules of Civil Procedure encourage and provide for a liberal policy with regard to the amendment of

---

6. As noted supra, the FSC/SunAmerica Defendants have adopted and incorporated by reference all of the arguments made by the Inductotherm Defendants with respect to Count XXVIII in opposing the addition of Count XXIX. The Court references the arguments made by both sets of Defendants but cites only to the opposition brief submitted by the Inductotherm Defendants.

pleadings. Under Federal Rule of Civil Procedure 15(a), the court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the Supreme Court articulated the policy of "freely" granting leave to amend. See also <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000). "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotations, citations, and emphasis omitted); <u>see also</u> <u>Haynes v. Moore</u>, 405 F. App'x 562, 564 (3d Cir. 2011) (noting that even though leave to amend under Rule 15 should be freely given, "a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility.").

In the present motion, Defendants oppose the addition of Counts XXVI, XXVII, XXVIII, and XXIX of the proposed second amended complaint on futility grounds. With respect to Defendants' futility arguments, the Court notes that "[t]he standard for assessing futility is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 175 (3d Cir. 2010) (citing <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000)); see also <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which

9

relief could be granted."). In deciding a motion to dismiss, the Court must deny the motion "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Fishbein Family P'ship v. PPG Indus., Inc.</u>, 871 F. Supp. 764, 769 (D.N.J. 1994) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). Rule 12(b)(6) requires the Court to construe all of the allegations in the complaint in the light most favorable to the plaintiff and to accept as true all of the facts in the complaint and all reasonable inferences derived therefrom. <u>Fishbein</u>, 871 F. Supp. at 769. Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). However, in analyzing the futility of Plaintiffs' proposed second amended complaint under the Rule 12(b)(6) standard, the Court "may not consider matters extraneous to the pleadings." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997); see also <u>Carlson v. Twp. of Lower Alloways Creek</u>, No. 06-3779, 2008 WL 2446804, at *2 (D.N.J. June 16, 2008) ("Since the Court must analyze the futility of [p]laintiff's claims using the same standard applicable to Rule 12(b)(6) motions, for present purposes the Court may only consider the allegations contained in the proposed amended complaint and its exhibits and not matters outside the pleadings."). The Court may consider a "'document integral to or explicitly relied upon in the complaint' ... 'without converting the motion [to dismiss] into one for summary judgment.'" <u>In re Burlington Coat Factory</u>, 114 F.3d at 1426 (citations and emphasis omitted). Moreover, "the court may

consider decisions of other courts." <u>Children's Seashore House v. Waldman</u>, 197 F.3d 654 (3d Cir. 1999).

With respect to Count XXVI, the Inductotherm Defendants rely upon the minutes from nine separate meetings of the Inductotherm Profit Sharing Trust Board of Trustees and argue that the minutes demonstrate that prior to retaining the Wharton Business Group, the Inductotherm Defendants held a series of meetings to meet potential investment advisory firms thus satisfying their due diligence inquiry. (<u>See</u> Inductotherm Defs.' Opp'n 16-17; <u>see also</u> Exs. A-I to the Certification of Matthew S. Barndt in Supp. of the Inductotherm Defs.' Opp'n to Pls.' Mot. to Amend [Doc. No. 88-2] 1-19.) However, the Inductotherm Defendants' argument relies upon matters extraneous to the pleadings which is inappropriate in connection with a motion to amend. The Inductotherm Defendants may raise this argument by way of a motion for summary judgment.[7] Consequently, the Court grants Plaintiffs' motion to amend with respect to Count XXVI.

Regarding Count XXVII, Plaintiffs allege that the Inductotherm Defendants breached their fiduciary duties by "accepting and executing the investment strategy that FSC/Wharton

---

7. The Inductotherm Defendants argue that they are entitled to summary judgment with respect to Count XXVI because there is no genuine issue of material fact since it is clear that "the Trustees did review FSC/Wharton's capabilities and did consider other potential investment advisors prior to retaining FSC/Wharton[,]" which demonstrates that there is not a sufficient evidentiary basis for a reasonable jury to find otherwise. (Inductotherm Defs.' Opp'n 4.) However, the Court notes that the Inductotherm Defendants did not file a cross-motion for summary judgment as to Count XXVI but simply requested summary judgment in their opposition, and accordingly this argument is not properly before the Court.

proposed and then implemented ... [because] this investment strategy was ... too aggressive (heavily concentrated in equities) for the Plan's older participants." (Pls.' Br. 26.)  While the Inductotherm Defendants contend that Plaintiffs are arguing that "the Plan fiduciaries had a duty to adopt investment strategies that favored one class of participants ('older' participants) over another class ('younger' participants)[,]" (Inductotherm Defs.' Opp'n 10), Plaintiffs assert that Count XXVII "merely pleads the same cause of action against the [Inductotherm] Defendants as Plaintiffs previously plead in Count IX of their Complaint against the FSC/SunAmerica Defendants." (Pls.' Mem. in Reply to Inductotherm Defs.' Opp'n to Pls.' Mot. for Leave to Amend Compl. [Doc. No. 89] (hereinafter, "Pls.' Reply"), 8.)  Plaintiffs argue that Count XXVII alleges that the Inductotherm Defendants breached their fiduciary duties by accepting and executing an imprudent investment strategy that was too heavily concentrated in equities. (Pls.' Br. 15.)  Moreover, Plaintiffs argue that the District Court already ruled on permitting the same claim, set forth in Count IX, against the FSC/SunAmerica Defendants and found that "the allegation that a prudent investor of Plan assets for a Plan of this type would not have placed so many of the assets in equities is sufficient to state a claim[.]" (See Pls.' Reply 8 (citing Goldenberg, 741 F. Supp. 2d at 638.))  In opposing the addition of Count XXVII, the Inductotherm Defendants' primary argument is that "ERISA does not require a fiduciary to invest differently for the benefit of one segment of the plan's participant population." (Inductotherm Defs.' Opp'n 10.)  The Inductotherm Defendants assert

that Plaintiffs' theory in Count XXVII is that "ERISA fiduciaries have a duty to take special account of the age of participants." (Id. at 14.)  The Court disagrees with the Inductotherm Defendants in this regard and finds that Count XXVII sets forth essentially the same allegations against the Inductotherm Defendants which Count IX sets forth against the FSC/SunAmerica Defendants. Accordingly, since the District Court found that the allegations of Count IX were sufficient to state a claim and permitted Count IX to proceed against the FSC/SunAmerica Defendants, and since Count XXVII makes the same allegations against the Inductotherm Defendants, the Court finds that Count XXVII is sufficient to state a claim and grants Plaintiffs' motion to amend to add Count XXVII.

With respect to Counts XXVIII and XXIX,[8] Plaintiffs allege that the Inductotherm Defendants and FSC/Wharton breached their fiduciary duties under ERISA Section 404(a)(1)(B) by failing to "use investment strategies designed for each of the Plan's age cohorts, and instead adopted a single uniform investment strategy for all Plan participants." (Pls.' Reply 1.)  Plaintiffs argue that this investment strategy was imprudent and allege in Counts XXVIII and XXIX that a "prudent fiduciary ... would have assembled the Plan participants into age groups, (i.e., 20-30, 30-40, 50-60, etc.) and implemented an age appropriate investment strategy for

_____

8.  In reply to the FSC/SunAmerica Defendants' opposition, Plaintiffs "adopt and incorporate by reference the arguments and citations of authority in their argument addressed to Count XXVIII of their reply" to the Inductotherm Defendants' Opposition.  (Pls.' Mem. in Reply to the FSC/SunAmerica Defendants' Opp'n to Pls.' Mot. for Leave to Amend [Doc. No. 90] 2.)  Accordingly, the Court references only the reply memorandum filed in response to the Inductotherm Defendants' Opposition.

each [group.]"  (Id.)  Plaintiffs assert that the Plan itself is
flexible and "would have permitted the fiduciaries to maintain
separate age appropriate investment accounts" because the Plan
required the creation of individual accounts for accounting
purposes, and nothing in the Plan limited the use of these
individual accounts, or the use of group accounts, for investment
purposes.  (Id. at 2.)  According to Plaintiffs, the Plan "neither
mandates nor precludes the implementation of a separate investment
strategy which considers the age of Plan participants."  (Id. at
3.)  Defendants contend that these proposed Counts "challenge[] the
structure of the Plan - under which the assets are managed in
common for the benefit of all participants and each participant is
entitled to his or her fractional interest in all Plan assets."
(Inductotherm Defs.' Opp'n 5.)  Defendants argue that no fiduciary
duties are implicated by Plaintiffs' claims because these claims
are not about the management or performance of the Trustees in
administering the Plan despite Plaintiffs' contention that "the
Plan should have provided for an allocation of the Investment Fund
among categories of participants by age, rather than giving each
participant a fractional interest in the Investment Fund as
provided for under the ... Plan's terms."  (Id. at 6.)  According
to Defendants, Plaintiffs' claims challenge the plan structure
which is a settlor issue that does not implicate ERISA's fiduciary
duty requirements.  (Id.)

        In response to Defendants' argument, Plaintiffs assert
that "there is no structural impediment to the maintenance of
separate accounts/investment strategies for each participant or for

14

groups of participants." (Pls.' Reply 6.) Plaintiffs further argue that even if the "establishment of such accounts [was] not contemplated by the Plan, it was incumbent upon the Plan fiduciaries to abide by their ERISA duties and to disregard incompatible Plan provisions." (Id. at 6-7.) Plaintiffs cite several articles of the Plan, including Articles 5.1 and 5.2, which Plaintiffs contend respectively, "provide flexibility which would have permitted the fiduciaries to maintain separate age appropriate investment accounts[,]" and "appear[] to envision the use of separate investment strategies." (Id. at 2.) Plaintiffs further assert that a plan structure "issue is one that involves plan design" as opposed to implementation of the plan. (Id. at 3.) According to Plaintiffs, when Defendants were "managing the assets of the Plan, they were doing so in their capacit[ies] as fiduciaries to the Plan, not as the settlor[s] of the Plan." (Id. at 4.)

In seeking to add Counts XXVIII and XXIX, Plaintiffs rely on GIW Industries, Inc. v. Trevor, Stewart, Burton & Jacobsen, Inc., 895 F.2d 729, 733 (11th Cir. 1990), to support the position that "[a] fiduciary acting prudently would have 'investigated the age ... of employee participants[.]'" (Pls.' Br. 28.) In GIW Industries, the Eleventh Circuit affirmed the district court's finding that an investment management firm acted imprudently by failing to investigate and properly diversify the investments of a plan. GIW Industries, 895 F.2d at 733. The Eleventh Circuit noted that the fund at issue contained primarily long-term government bonds and deemed this distribution insufficiently diversified, in

light of the fund's need for potential cash withdrawals and
disbursals, which the plan fiduciary did not adequately
investigate. Id. The Eleventh Circuit recognized that a fiduciary
acting prudently would have invested the funds in a manner
sufficient to cover cash withdrawals and disbursals, as required by
the fund. Id. The GIW Industries Court noted that an investigation
of the age and projected retirement plan of the employee
participants could have allowed the fiduciaries to "anticipat[e]
the need for cash and for a sale of assets to fulfill that need."
Id. However, the GIW Industries Court did not hold that failure to
consider the age of the employee participants was, on its own, a
breach of a fiduciary duty. Id. Plaintiffs also cite In re Unisys
Sav. Plan. Litig., 74 F.3d 420, 434 (3d Cir. 1996) to support their
motion. In this case, the Third Circuit recognized that "the
prudence requirement is flexible, such that the adequacy of a
fiduciary's independent investigation and ultimate investment
selection is evaluated in light of the 'character and aims' of the
particular type of plan he serves." In re Unisys, 74 F.3d at 434
(citing Donovan v. Cunningham, 716 F.2d 1455, 1467 (5th Cir.
1983)). As noted by the Third Circuit, courts measure the prudence
requirement under 1104(a)(1)(B) utilizing an objective standard,
inquiring whether a fiduciary employed the appropriate methods to
investigate and determine the merits of a particular investment.
Id. at 434. Age of participants may be a relevant consideration in
determining whether the fiduciary acted prudently. The Court notes
that In re Unisys does not stand for the proposition that separate
investment strategies for various age groups are necessary in order

16

for a fiduciary to act prudently. To the extent these proposed counts seek to allege that Defendants mismanaged the investment of the Plan's assets by failing to consider age, the count is duplicative of other counts which already allege a breach of fiduciary duties for failure to prudently manage the Plan's assets, including Counts 26 and 27. See Sanford v. AXA Equitable Life Ins. Co., No. 09-1219, 2010 WL 1755333, at *2 (E.D. Mich. Apr. 29, 2010)(denying plaintiff's motion to amend where the additional count alleged the same conduct already encompassed by another count); see also Hlavac v. Hop Kee Pyrotechnics, Ltd., No. 8:03-CV-368, 2005 WL 1994937, at *1 (D.Neb. Aug. 10, 2005)(denying plaintiff's motion to amend as unnecessary and duplicative of other counts). To the extent the proposed count seeks to assert that failure to consider the age of participants alone constitutes an independent breach of a fiduciary duty, it fails.

Moreover, Defendants argue, and the Court agrees, that by asserting that separate investment strategies should have been implemented for each individual account, and that failure to do so constitutes a separate cause of action, Plaintiffs are in essence challenging the structure of the Plan. In proposed Count XXVIII, Plaintiffs' contend that "[a]s a result of the use of [a] uniform investment strategy for each account, each account holds the same investments, regardless of the individual Plaintiff's age." (Second Amended Class Action Complaint [Doc. No. 85-4] (hereinafter, "Second Amended Compl."), ¶ 8.) Plaintiffs' further contend "a fiduciary, acting prudently would have divided the Plan's participants into different categories, based on their ages, and

would have adopted a different investment strategy for each category of ages." (Id. at ¶ 12.) Similarly, in proposed Count XXIX, Plaintiffs' allege "[a] fiduciary, acting prudently, would have considered the ages of the Plaintiffs in determining the investments for each Plaintiff's account and would have not adopted/followed a uniform investment strategy for all participants/Plaintiffs, regardless of their age." (Id. at ¶ 11.) As noted supra, to the extent that Plaintiffs' assert a prudent fiduciary would have assembled the Plan participants into age groups, and implemented an age appropriate investment strategy for each age group, such an allegation is duplicative of other counts asserting the fiduciaries failed to perform their duties to investors.  To the extent Plaintiffs' allege that the Plan should have been divided into different categories by age, with a different investment strategy for each age group, and that this failure to do so constitutes a breach of fiduciary duty, such an allegation challenges the Plan's form and/or structure.  A challenge to the Plan's form and/or structure does not implicate the fiduciary duty requirement set forth in ERISA.  "ERISA's fiduciary duty requirement simply is not implicated where ... the Plan's settlor, makes a decision regarding the form or structure of the Plan[.]" Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 444 (1999).  Here, Plaintiffs acknowledge that the investment fund at issue consists of "the total assets held under the Plan for the purposes of providing benefits to Participants, resulting from contributions made under the Plan and earnings or losses thereon." (Pls.' Proposed Second Am. Compl. [Doc. No. 85-4] Count XXVIII, ¶

6; see also id. at Count XXIX, ¶ 6) (internal quotations omitted).
Plaintiffs also concede that despite the existence of individual
accounts under the Plan, "each Plaintiff receives a fractional
interest of the Investment Fund" such that "each Plaintiff's
account is credited with its share of the gains and losses of the
aggregate Investment Fund." (Pls.' Proposed Second Am. Compl.
[Doc. No. 85-4] Count XXVIII, ¶ 7; see also id. at Count XXIX, ¶
7.) Moreover, as set forth in Article 5.1 of the Plan, the
maintenance of individual accounts under the Plan "is for
accounting purposes only, and a segregation of the assets of the
Investment Fund with respect to each account shall not be
required." (Inductotherm Companies Master Profit Sharing Plan, Ex.
A to Declaration of Robert Lakind, Esq. [Doc. No. 89-1] 13.)
Asserting that the Plan structure should have provided for
individual investments for participants is a settler issue and not
subject to ERISA's fiduciary provisions. See Ward v. Avaya Inc.,
487 F. Supp. 2d 467 (D.N.J. 2007)("[A] company is only subject to
fiduciary restrictions when managing a plan according to its terms,
but not when it decides what those terms are to be.").
Accordingly, Plaintiffs' motion to amend to add Counts XXVIII and
XXIX is denied.

CONSEQUENTLY, for the reasons set forth above and for
good cause shown:

IT IS on this 16th day of November 2011,

**ORDERED** that Plaintiffs' motion [Doc. No. 85] for leave
to file a second amended complaint shall be, and hereby is **GRANTED
IN PART**, and **DENIED IN PART**; and it is further

19

**ORDERED** that Plaintiffs' motion is **GRANTED** to the extent Plaintiffs seek to add proposed Counts XXVI and XXVII; and it is further

**ORDERED** that Plaintiffs' motion is **DENIED** to the extent Plaintiffs seek to add proposed Counts XXVIII and XXIX; and it is further

**ORDERED** that Plaintiffs shall file a second amended complaint in the form set forth in this Order and the Court's June 21, 2011 Order, **within twenty (20) days** from the date of entry of this Order, and shall serve the second amended complaint in accordance with the Federal Rules of Civil Procedure.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle

20