UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS GOLDENBERG, et al. ) | Civil No. 1:09-cv-5202-JBS-AMD |
| ) | |
| Plaintiffs, ) | |
| ) | **PLAINTIFFS' RESPONSE TO THE** |
| v. ) | **FSC/SUNAMERICA DEFENDANTS'** |
| ) | **STATEMENT OF MATERIAL FACTS** |
| INDEL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

Plaintiffs, by way of response to the FSC/SunAmerica Defendants' Statement of Material Facts, say that:

1. Admitted.

2. Admitted.

3. Denied. The Wharton Business Group ("Wharton") is a Limited Liability Corporation ("LLC"), according to its Business Entity History from the Pennsylvania Department of State. (Declaration of Robert Lakind ("Dec RL") ¶5 Ex. D). Even if it were not an LLC, Wharton operates a branch office of FSC Securities Corporation. Further, Marc Hembrough and B.J. Webster are employees of FSC Securities Corporation. (Dec RL ¶¶2-5, Ex. A, B, C, and D). In light of these facts, Wharton has the capacity to sue or be sued under Fed. R. Civ. P. 17(b). See, Goldenberg v. Indel, Inc., 741 F.Supp.2d 618, 628 (D.N.J. 2010). FSC Securities Corporation and the Wharton are hereinafter collectively referred to as "FSC." Further, with respect to any Fact which Plaintiffs admit below, their admission assumes that FSC/Wharton are

627530.1

treated as a single entity, as Wharton is a branch office of FSC Securities Corporation and Messrs. Hembrough and Webster are employees of FSC Securities Corporation.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted that FSC performs investment services; however, Plaintiffs' denial cannot be more specific because FSC has failed to explain what it means by use of the word "certain."

10. Admitted that FSC charged the Inductotherm Companies Master Profit Plan (the "Plan") an advisory fee of 10 basis points (.10%). However, pursuant to the FSC Securities Corporation VISION 2020 Investment Advisory Client Services Agreement between FSC Securities Corporation/Marc Hembrough and B.J. Webster (Dec RL ¶6, Ex. E), FSC also received, on its investment of Plan assets into the SunAmerica Money Market Fund ("SAMMF"), kickbacks from Defendants SunAmerica Asset Management Corp., ("SAAMCo"), and SunAmerica Capital Services, Inc. ("SACS") (Declaration of John T Genoy (Docket No. 119-5) ("Dec JTG") ¶¶4-8 and 10).

11. Admitted that Plan assets were invested in the SAMMF between the period of December of 2005 through March of 2011. Denied that the SAMMF's purpose, and/or only purpose, within the portfolio was to serve as a "sweep account." Defendants do not define this term. Further, the SAMMF is not labeled as a "sweep account" on the "Account Statements"

attached as Exhibit 6 to the "Defendants' Statement of Material Facts In Support of FSC/SunAmerica Defendants' Motion For Partial Summary Judgment," rather those statements just reflect that Plan assets were invested in the SAMMF and such fund served as the Plan's "Cash and Cash Equivalents" investment.

12. Admitted; however, for completeness, paragraph 12, should also reflect that SAAMCo kicked back to FSC a portion of the investment management fee it charged on the Plan assets FSC invested in the SAMMF, to FSC. (Dec JTG ¶¶4,7,8 and 10).

13. Admitted.

14. Denied to the extent that Defendants claim they have instituted sufficient internal controls to ensure that Plan assets will not be invested in the SAMMF in the future (further, Defendants description of such internal controls is insufficient). FSC has in the past concealed, in discovery responses, its receipt of kickbacks and thus FSC's representations cannot be trusted. For example, in FSC's February 22, 2011, "Responses and Objections to Plaintiffs' First Set of Interrogatories," FSC concealed, in its responses to Interrogatories 18 and 19, that it received kickbacks on account of its investment of Plan assets into the SAAMF. (Contrary to its responses to these interrogatories, FSC was in fact receiving kickbacks on account of its investment of Plan assets into the SAAMF). (Dec JTG ¶¶4-8 and 10; Dec RL ¶11 Ex. J). Further, in its Supplemental Interrogatory responses, on May 4, 2011, FSC did not correct this inaccuracy (despite having sent a letter, on March 23, 2011, to certain Inductotherm Defendants, explaining that FSC had in fact received kickbacks derived from its investment of Plan assets into the SAAMF) (Dec RL ¶¶14 and 15 and Ex. M and N). [redacted]

627530.1

~~assets in mutual funds, which, in fact, as kickback from the SAMMF, was specifically funded, in part, by 12b-1 fees SACS charged Plan assets FSC invested in the SAMMF (Dec RL ¶12, Ex. K; Dec JTG ¶¶ 5-6, 8 and 10)~~.[1] Further, FSC claims, in paragraph 8 of the Declaration of Matthew Schlueter (Docket No. 119-6) that "FSC maintains other systems, policies and procedures designed to ensure that no 12b-1 fees are paid to FSC for assets in any account for a customer that is an ERISA-qualified plan...." These systems have failed as FSC received 12b-1 fees from SACS on account of FSC's investment of Plan assets into the SAMMF. (Dec JTG ¶¶5-6, 8 and 10). Additionally, a document on FSC's website reflects that currently, with respect to ERISA qualified plans, FSC receives revenue sharing payments from mutual funds (Dec RL ¶24, Ex. W). According to FSC, it replaced the SAMMF with the Dreyfus Cash Management Fund (Dec RL ¶14, Ex. M). Dreyfus is listed as one of the mutual fund sponsors that pays revenue sharing payments to FSC (Dec RL ¶24 Ex. W). Further, FSC also claims, in paragraph 8 of the Declaration of Matthew Schlueter (Docket No. 119-6) that "FSC's account management system was re-programmed to ensure that the SAMMF could not be denominated as the default sweep vehicle for the Plan's account in the future...." However, a document on FSC's website reflects that currently, with respect to ERISA qualified plans, their assets may be invested in mutual funds from which SAAMCo would then make revenue sharing payments to FSC (Dec RL ¶24,

---

[1] Defendants have designated the document that is the source of this statement as confidential. Therefore, this statement is *not* being filed by Plaintiffs on the ECF system. Rather, the courtesy copy of Plaintiffs' Response to FSC/SunAmerica Defendants' Statement of Material Facts that is being mailed to the Court will contain this text (i.e., it will not be redacted as it is on the ECF system filing) and further the accompanying Declaration that is also being mailed to the Court, will contain a copy of the document that supports this statement. Further, Plaintiffs will also provide the Defendants with this document as well an unredacted version of their Response to the FSC/SunAmerica Defendants' Statement of Material Facts.

627530.1

Ex. W).

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied to the extent FSC contends that Plaintiffs agreed to dismiss Counts III, V, VI and XI (or any portions thereof). On July 29, 2011, Plaintiffs stated in a letter that while they were prepared to dismiss these Counts, "before we [Plaintiffs] make a final decision" on their dismissal, there first needed to be a resolution of issues with respect to Plaintiffs' attorneys' fees and notice issues (Dec RL ¶23 Ex. V) (these issues have not been resolved and Plaintiffs have not dismissed these Counts).

27. Denied to the extent counsel for FSC is contending that through his August 9, 2011, letter he addressed the concerns raised by Plaintiffs in their July 29, 2011 letter. The parties are in a disagreement regarding the dismissal of these Counts, and such disagreement is the bases for the parties respective motions.

627530.1

Respectfully submitted, this 5th day of December, 2011.

                          Szaferman, Lakind,
                          Blumstein & Blader, P.C.
                          Attorneys for Plaintiffs

By:    /s/Robert Lakind
        Robert L. Lakind
        Szaferman, Lakind,
        Blumstein & Blader, P.C.
        101 Grovers Mill Road
        Lawrenceville, NJ 08648
        Phone: 609-275-0400
        Fax: 609-779-6050

627530.1