# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Ryan A. Marrone

Of Counsel
Paul T. Koenig, Jr.
Bruce M. Sattin***
Robert A. Gladstone
Janine Danks Fox*
Michael Chazkel**
Richard A. Catalina, Jr.*†
(45,372)

Robert P. Panzer
Robert G. Stevens, Jr.**
Michael D. Brottman**
Benjamin T. Branche**
Lindsey Moskowitz Medvin**
Mark A. Fisher
Tracey C. Hinson**
Robert L. Lakind***
Thomas J. Manzo**
Melissa Ruff

+Certified Matrimonial Attorney
++Certified Civil and
Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
†U.S. Patent & Trademark Office

December 15, 2011

Our File:   70098.1

**<u>Via Facsimile and ECF</u>**

Hon. Ann Marie Donio, U.S.M.J.
Court Room 3B
Mitchell H. Cohen Bldg. & US Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

      Re:  Goldenberg v. Indel, et al.
           No. 1:09-cv-05202 (JBS) (AMD)

Dear Judge Donio:

    I am writing to the Court to ask if it would be possible to address a scheduling problem in the above putative class action. As this matter has some urgency, Plaintiffs request that the conference be scheduled today.

    As the Court is aware, Plaintiffs are required to file their motion for class certification by January 31, 2012. Plaintiffs and Defendants have served expert reports on class certification issues and depositions are scheduled for their respective experts during the first half of January.

    Plaintiffs' reports on the merits are due today, and Defendants' reports on the merits are due thirty days thereafter. This schedule has created several problems for Plaintiffs.

    First, one of Plaintiffs' experts, Steve Pomerantz, Ph. D. is scheduled to leave for a vacation and will not return until the New Year. He has been involved in depositions over the last several days and, while much of his report is complete, he has not had the opportunity to finalize it.

    Second, Plaintiffs had filed a motion to amend their Complaint which has not yet been decided. The outcome of that motion might influence the content of Plaintiffs' expert report.

    Third, as a result of the present schedule,



Plaintiffs will be at a disadvantage. They will have served both their class action and merits reports and made Dr. Pomerantz available for depositions before he is in receipt of Defendants' merits reports. Defendants' expert, on the other hand, will have had the benefit of reviewing Plaintiffs' class and merits report before her deposition. Second, if Defendants' expert does poorly in her deposition on class issues, Defendants will be free to select another expert to opine on the merits after that deposition. Since Plaintiffs will already have served their merits report, they will be deprived of that option.

Further, the bulk of Defendants' Class Certification Expert Report is devoted to merits issues. Dr. Pomerantz would like to submit a rebuttal report to the Defendants' Class Certification Report. Fed. R. Civ. Pro. 25(a)(2)(D)(i) specifically allows a rebuttal report, yet the Defendants have taken the position that Plaintiffs may not file a rebuttal report, because they are not accounted for in the Court's Scheduling Orders. Further complicating matters, although the Defendants Class Certification Expert Report is already largely devoted to merit issues, yesterday they implied that may use a different expert witness for their merits report. To the extent the Defendants retain a new expert, and their new expert offers an opinion on a merit issue, that conflicts with an opinion of their current expert, Dr. Pomerantz should be given the opportunity to address that in a rebuttal report.

To remedy this inequity, Plaintiffs have suggested that class expert depositions proceed as scheduled but that the schedule for the submission of merits reports be deferred, with Plaintiffs' report due on January 31, and Defendants' report due thirty days thereafter. This will level the playing field because all merits reports will be served after class experts have been deposed and class certification motions filed and it will allow Dr. Pomerantz to leave on vacation without rushing to complete his merits report. Further, with this procedure, Dr. Pomerantz could then file a single rebuttal report that addresses the merits issues raised in the Defendants' Class Certification and Merits Reports.

If the Court were amenable to this change, it would not delay this matter. Fact discovery is complete, the Court has before it cross-motions for summary judgment that are unlikely to

628782.1


**SZAFERMAN LAKIND**

*Honorable Ann Marie Donio, U.S.M.J.*
*December 15, 2011*
*Page 3*

be decided before March, and the schedule change will not delay the class certification motion.

Since Dr. Pomerantz's report is due today, I was wondering if the Court might schedule a short conference on this issue before the end of the work day. I have spoken to counsel to Defendants and they are unwilling to accommodate this request.

Thank you.

Respectfully submitted,

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.

Arnold C. Lakind

c:   Vincent Gentile, Esquire (Via E-mail)
     Matthew S. Barndt, Esquire (Via E-mail)
     Theodore J. Sawicki, Esquire (Via E-mail)
     Theresa A. Vitello, Esquire (Via E-mail)
     Moshe Maimon, Esquire (Via E-mail)

628782.1