```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BORIS GOLDENBERG, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 09-5202 (JBS/AMD) |
| v. |  |
| INDEL, INC., et al., | **<u>OPINION</u>** |
| Defendants. |  |

APPEARANCES:

Arnold Carl Lakind, Esq.
Robert Lawrence Lakind, Esq.
Robert E. Lytle, Esq.
Mark A. Fisher Esq.
SZAFERMAN, LAKIND, BLUMSTEIN, BLADER & LEHMANN, PC
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
     <u>and</u>
Moshe Maimon, Esq.
LEVY PHILLIPS KONINGSBERG LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
     <u>and</u>
Theresa Ann Vitello, Esq.
LEVY PHILLIPS KONINGSBERG LLP
800 Third Avenue, 11th Floor
New York, NY 10022
     Attorneys for Plaintiffs Boris Goldenberg, Gerald Comeau, Andrew Leo, and Reinaldo Pachecho

Matthew Steven Barndt, Esq.
Vincent E. Gentile, Esq.
DRINKER, BIDDLER & REATH, LLP
105 College Road East, Suite 300
Princeton, NJ 08542
     Attorneys for Defendants Indel Inc., Henry M. Rowan, David L. Braddock, Thomas P. McSchane, Manning J. Smith, Laurence A. Krupnick, and Harry G. Trefz

Craig Carpenito, Esq.
ALSTON & BIRD LLP

```
90 Park Avenue
New York, NY 10016
    Attorney for Defendants American International Group, Inc.,
FSC Securities Corporation, SunAmerica Asset Management Corp.,
SunAmerica Capital Services, Inc., SunAmerica Fund Services,
Inc., and Wharton Business Group
```

**SIMANDLE**, District Judge:

**I.  INTRODUCTION**

This matter is before the Court on Defendants American International Group, Inc., FSC Securities Corporation, SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., and Wharton Business Group's (collectively referred to as the "FSC/SunAmerica Defendants") motion to seal Exhibits A-C attached to the Declaration of John T. Genoy.  [Docket Item 121.]  Opposition has been filed by Plaintiffs Boris Goldenberg, Gerald Comeau, Andrew Leo, and Reinaldo Pachecho (collectively referred to as "Plaintiffs").  [Docket Item 126.]  Defendants Indel Inc., Henry M. Rowan, David L. Braddock, Thomas P. McSchane, Manning J. Smith, Laurence A. Krupnick, and Harry G. Trefz took no position.

For the reasons discussed herein, the court will grant the FSC/SunAmerica Defendants' motion to seal in accordance with L. Civ. R. 5.3.

**II.  BACKGROUND**

The instant motion seeks to seal Exhibits A-C attached to the Declaration of John T. Genoy.  This Declaration was filed in support of FSC/SunAmerica Defendants' motion for partial summary

judgment.  [Docket Item 119.]  The FSC/SunAmerica Defendants argue that Exhibits A-C contain information that has been designated as confidential, internal business information under the Discovery Confidentiality Order, entered by the court on March 8, 2011.  [Docket Item 74.]  Further, the FSC/SunAmerica Defendants maintain that these confidential documents contain confidential internal business arrangements between these affiliated defendants.  This information is not available to the public and disclosure of such confidential information could seriously impair and injure the FSC/SunAmerica Defendants' competitive position in the marketplace.  The FSC/SunAmerica Defendants argue that no less restrictive means are available other than sealing these exhibits.  Therefore, the FSC/SunAmerica Defendants urge the court to grant their motion to seal.

The Plaintiffs oppose this motion to seal and argue the FSC/SunAmerica Defendants have not met their burden under L. Civ. Rule 5.3(c).  The Plaintiffs maintain that the FSC/SunAmerica Defendants have not shown that they will suffer specific harm if these exhibits are not sealed.  In addition to overbroad conclusory allegations of harm, the Plaintiffs further argue that the FSC/SunAmerica Defendants have not presented sufficient evidence to support their motion to seal.  The Plaintiffs also argue that the instant motion provides no reasons why a less restrictive alternative to sealing is not available.  Finally,

the Plaintiffs argue that the public's interest in disclosure outweighs any interest the FSC/SunAmerica Defendants have identified for sealing the exhibits.

**III.  DISCUSSION**

It is decidedly settled that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  A movant must demonstrate that "good cause" exists to seal the requested records in order to overcome this presumption favoring a public right of access.  Securimetrics, Inc. v. Iridian Technologies, Inc., No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity." Pansy v. Boro of Stroudsberg, 23 F.3d 772, 786 (3d Cir. 1994)(citing Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

Local Civil Rule 5.3 governs requests to seal documents and sets forth specific requirements.  Under Local Civil Rule 5.3(c)(2), a party moving to seal must address four factors: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less

4

restrictive alternative to the relief sought is not available."

As a threshold matter, the parties have previously agreed that these specific documents are confidential and if released to the public would cause FSC/SunAmerica Defendants serious injury. A Discovery Confidentiality Order was consented to by all parties in this litigation, including the Plaintiffs, to protect parties from the disclosure of confidential information during the course of discovery pursuant to L. Civ. R. 5.3(b).  [Docket Item 74]. This discovery order provides:

> Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:  (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.
>
> All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

[Docket Item 74 ¶¶ 1, 9.]

It is clear that Exhibits A through C of John T. Genoy's Declaration fall within the scope of the parties' joint discovery confidentiality order.  While this discovery order does not control the Court's analysis on a motion to seal, the Court finds it important to note the existence of the protective order and the parties' agreement that documents falling into these

categories may properly be designated as confidential and should be protected from public disclosure beyond the confines of the Confidentiality Order during the discovery period.  In addition, this joint discovery order also contemplated the parties' need to seal such documents in the event they were filed with the Court.  See <u>Vista India v. RAAGA</u>, 2008 WL 834399, *4 (D.N.J. March 27, 2008)(rejecting opposing party's argument to a motion to seal that documents at issue were not confidential because opposing party had previously signed a protective order and conceded documents were confidential).  Therefore, the Plaintiffs' argument that these documents are not confidential and that disclosure would not cause the FSC/SunAmerica Defendants clearly defined and serious injury is questionable in light of the Plaintiffs' previous acknowledgment of these categories of confidentiality in the joint Discovery Confidentiality order.  The issue is whether these particular documents fall into a recognized category for protection.

**A. The Nature of the Materials or Proceedings at Issue**

In this case, it is undisputed that the nature of the exhibits sought to be sealed are business agreements which contain commercially sensitive and proprietary non-public business information, confidential financial information and private email exchanges regarding private financial information of the FSC/SunAmerica Defendants.  Specifically, these exhibits

contain written agreements and e-mail communications between FSC/SunAmerica Defendants and other non-party corporations ("Affiliated Entities") and financial spreadsheets showing calculations of payments made among such Affiliated Entities. These exhibits involve three types of agreements: advisors agreements, broker-dealer agreements and shareholder agreements. In addition, private e-mail communications discussing the way in which the entities calculate fees are included in Exhibit B.

### B. The Legitimate Private or Public Interests Which Warrant the Relief Sought

Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace. See Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1074 (3d Cir. 1984)(recognizing that courts have traditionally protected sensitive financial information such as trade secrets from public disclosure); In re Cendant Corp., 260 F.3d at 194 (emphasizing that public access to litigation documents should be denied when the use of such documents may become a "vehicle for improper purposes") and Glenmede Trust Co. v. Thompson, 56 F.3d 476, 487 n.19 (3d Cir. 1995)(recognizing that a protective order may be sought to protect a business entity from revealing names of clients or financial information that is relevant for discovery

purposes but not of public import). District Courts in the Third Circuit have also repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace. See <u>Zenith Radio Corp v. Matushita Electric Industrial Co.</u>, 529 F. Supp. 866, 890 (E.D. Pa. 1981)("it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage"); <u>Hershey Co. v. Promotion in Motion, Inc.</u>, No. 07-1601, 2010 WL 1812593 at *3 (D.N.J. May 4, 2010); <u>Mars, Inc. v. JCM Am. Corp.</u>. No. 05-3165, 2007 WL 496816 at *2 (D.N.J. Feb. 13, 2007); <u>Faulman v. Sec. Mut. Fin.</u>, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006); <u>Bracco Diagnostics, Inc. v. Amersham Health, Inc.</u>, No. 03-6025, 2007 WL 2085350 at *8 (D.N.J. July 18, 2007).

The court finds there is a legitimate privacy interest in preventing these exhibits which contain confidential business agreements, sensitive financial information and private email exchanges from being available to the general public.

**C. The Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted**

The disclosure of this information would cause clear and serious injury to the FSC/SunAmerica Defendants in the competitive marketplace. Competitors would be able to review the specific terms of their broker-dealer agreements, advisors agreements and shareholder agreements. Competitors would also be

able to review the financial calculations of payments made between Affiliated Entities and use that information to gain an advantage over the FSC/SunAmerica Defendants in the marketplace. By allowing this information to be accessible to the public, competitors of the FSC/SunAmerica Defendants would learn sensitive information as to how these Affiliated Entities structure their business internally and have access to private financial information regarding shareholders and investment monies.

Accordingly, the court finds the FSC/SunAmerica Defendants would suffer serious and irreparable harm to their competitive standing in the marketplace if these exhibits were disclosed to the public and available to competitors.

### D. Why a Less Restrictive Alternative to the Relief Sought is Not Available

Finally, the FSC/SunAmerica Defendants seek the least restrictive alternative and ask the court to seal only Exhibits A-C.  Importantly, the FSC/SunAmerica Defendants do not ask the court to seal the entirety of John T. Genoy's Declaration or their motion for partial summary judgment as a whole.  The court finds that the least restrictive alternative is sealing the specific documents which contain sensitive and confidential business information, Exhibits A-C of John T. Genoy's Declaration.  Further, because these documents as a whole contain sensitive information, such as the internal structure of the

FSC/SunAmerica Defendants' business agreements and spreadsheets illustrating the calculation of financial payments, redaction is not a viable alternative to sealing.

**IV.  CONCLUSION**

For the reasons discussed above, the Court finds that Exhibits A-C of John T. Genoy's Declaration are entitled to protection under L. Civ. R. 5.3(c).  These exhibits contain confidential business information including sensitive financial information, various brokerage agreements and personal email communication which would cause clear and serious injury to the FSC/SunAmerica Defendants competitive position in the marketplace.  Sealing these exhibits is the least restrictive means possible to protect the public and private interests at stake.  Further, such relief under L. Civ. R. 5.3 was contemplated by the parties in their joint Discovery Confidentiality Order.  Therefore, the FSC/SunAmerica Defendants motion to seal Exhibits A-C of John T. Genoy's Declaration will be granted.

The accompanying Order will be entered.

**January 3, 2012**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge