IN THE UNITED STATES DISTRICT COURT OF
DISTRICT OF NEW JERSEY

BORIS GOLDENBERG, ET AL.,                    )
                                             )
                                             )
          PLAINTIFFS,                        )
                                             )
                                             )
                                             )
                                             )
                                             )
VS.                                          )    **CASE NO. 1:09-cv-05202-JBS-AMD**
                                             )
INDEL, INC., INDIVIDUALLY AND A/K/A          )
INDUCTOTHERM INDUSTRIES, INC.                )
AND INDUCTOTHERM CORPORATION,                )
ET AL.,                                      )
                                             )
          DEFENDANTS.

## FSC/SUNAMERICA DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Fed. R. Civ. P. Rules 8 and 12, Defendants American International

Group, Inc. ("AIG"), FSC Securities Corporation, SunAmerica Asset Management Corp.,

SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., and Wharton

Business Group (collectively referred to as the "FSC/SUNAMERICA Defendants"), by

and through their undersigned attorneys, hereby answer Plaintiffs' Second Amended

Class Action Complaint and Jury Demand (the "Complaint") as follows.

### I.    NATURE OF ACTION

1.     The FSC/SUNAMERICA Defendants admit that Paragraph 1 of the

Complaint purports to describe the nature of Plaintiff's claims and the Complaint.  The

FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 1.

## II.    JURISDICTION AND VENUE

2.    Admitted.

3.    Subject to this Answer and their defenses, the FSC/SUNAMERICA

Defendants admit that the Court has personal jurisdiction over them.  The

FSC/SUNAMERICA Defendants are without knowledge or information sufficient to

form a belief as to the remaining allegations in Paragraph 3, and therefore deny same.

4.    Admitted.

## III.    THE PARTIES

### A.    Plaintiffs

5.    The allegations in Paragraph 5 of the Complaint state in whole or in part a

legal conclusion that does not require an answer.  To the extent an answer is required, the

FSC/SUNAMERICA Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 5, and therefore deny same.

6.    The FSC/SUNAMERICA Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 6

and, therefore, deny same.

7.    The FSC/SUNAMERICA Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 7

and, therefore, deny same.

8.    The FSC/SUNAMERICA Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 8

and, therefore, deny same.

9.    Admitted, on information and belief.

**B.**     **Defendants**

10.     Admitted.

11.     Admitted, on information and belief.

12.     Admitted, on information and belief.

13.     Admitted, on information and belief.

14.     Admitted.

15.     In response to the allegations in Paragraph 15 of the Complaint, the FSC/SUNAMERICA Defendants deny that FSC Securities Corporation is a "wholly owned subsidiary of AIG" and state that FSC Securities Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 15.

16.     The FSC/SUNAMERICA Defendants deny the allegations in Paragraph 16.  In further response, the FSC/SUNAMERICA Defendants state that a group of FSC Securities Corporation registered representatives who call themselves the "Wharton Business Group" make up a branch office of FSC Securities Corporation.  The FSC/SUNAMERICA Defendants further state that Wharton Business Group, Inc. is a Pennsylvania corporation with its principal place of business located at 740 Springdale Drive, Suite 208, Exton, Pennsylvania, 19341, and that Wharton Business Group, LLC is a Pennsylvania limited liability company with its principal place of business located at 740 Springdale Drive, Suite 208, Exton, Pennsylvania, 19341.

17.     In response to the allegations in Paragraph 17 of the Complaint, the FSC/SUNAMERICA Defendants deny that SunAmerica Asset Management Corp. is a "wholly owned subsidiary of AIG" and state that SunAmerica Asset Management Corp.

- 3 -

is an indirect wholly-owned subsidiary of AIG. The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 17.

18.     In response to the allegations in Paragraph 18 of the Complaint, the FSC/SUNAMERICA Defendants deny that SunAmerica Capital Services, Inc. is a "wholly owned subsidiary of AIG" and state that SunAmerica Capital Services, Inc. is an indirect wholly-owned subsidiary of AIG and that its principal place of business is located at Harborside Financial Center, 3200 Plaza 5, Jersey City, New Jersey 07311. The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 18.

19.     In response to the allegations in Paragraph 19 of the Complaint, the FSC/SUNAMERICA Defendants deny that SunAmerica Fund Services, Inc. is a "wholly owned subsidiary of AIG" and state that SunAmerica Fund Services, Inc. is an indirect wholly-owned subsidiary of AIG, and that its principal place of business is located at Harborside Financial Center, 3200 Plaza 5, Jersey City, New Jersey 07311. The FSC/SUNAMERICA Defendants admit the remaining allegations in Paragraph 19.

20.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, deny same.

21.     No response required.

22.     No response required.

23.     No response required.

24.     No response required.

**IV.     BACKGROUND**

**A.     ERISA**

25.     The FSC/SUNAMERICA Defendants admit that Paragraph 25 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations in Paragraph 25 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

26.     The FSC/SUNAMERICA Defendants admit that Paragraph 26 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations in Paragraph 26 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

27.     The FSC/SUNAMERICA Defendants admit that Paragraph 27 references the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., but deny the remaining allegations in Paragraph 27 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

## V.     STATEMENT OF FACTS

### A.     The Plan in General

28.     The FSC/SUNAMERICA Defendants admit, on information and belief, the allegations in Paragraph 28.  In further response, the FSC/SUNAMERICA Defendants state that the governing documents of the Inductotherm Companies Master Profit Sharing Plan #001 (the "Plan") speak for themselves and deny any allegations in Paragraph 28 inconsistent therewith.

29.     The allegations in Paragraph 29 of the Complaint state in whole or in part a legal conclusion that does not require an answer.  To the extent an answer is required,

- 5 -

the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, deny same.

30.     The FSC/SUNAMERICA Defendants admit, on information and belief, the allegations in Paragraph 30.  In further response, the FSC/SUNAMERICA Defendants state that the governing documents of the Plan speak for themselves and deny any allegations in Paragraph 30 inconsistent therewith.

31.     The FSC/SUNAMERICA Defendants admit that Inductotherm is the "plan sponsor" for the Plan pursuant to ERISA §3(16)(B), 29 U.S.C. §1002(16)(B),  but deny the remaining allegations in Paragraph 31 on the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

32.     The allegations in Paragraph 32 of the Complaint state in whole or in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, deny same.

33.     The allegations in Paragraph 33 of the Complaint state in whole or in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, deny same.

34.     The allegations in Paragraph 34 of the Complaint state in whole or in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, deny same.

35.     Admitted.

36.     In response to the allegations in Paragraph 36, the FSC/SUNAMERICA

Defendants state that the governing documents of the Plan and the referenced letter speak

for themselves and deny any allegations in Paragraph 36 inconsistent therewith.  The

FSC/SUNAMERICA Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in the last sentence of Paragraph 36 and,

therefore, deny same.

37.     In response to the allegations in Paragraph 37, the FSC/SUNAMERICA

Defendants state that the referenced document speaks for itself and deny the allegations

in Paragraph 37 to the extent they are inconsistent therewith.

38.     The FSC/SUNAMERICA Defendants admit that Paragraph 38 references

ERISA §§101 and 103, 29 U.S.C. §§1021 and 1023, but deny the remaining allegations

in Paragraph 38 on the grounds that they purport merely to state legal conclusions and the

relevant statutes, regulations and case law speak for themselves.

39.     The FSC/SUNAMERICA Defendants admit that Paragraph 39 references

Schedule C of the Form 5500/Annual Report, but deny the remaining allegations in

Paragraph 39 on the grounds that they purport merely to state legal conclusions and the

relevant statutes, regulations and case law speak for themselves.

40.     The FSC/SUNAMERICA Defendants admit that Paragraph 40 references

ERISA § 103, 29 U.S.C. § 1023, but deny the remaining allegations in Paragraph 40 on

the grounds that they purport merely to state legal conclusions and the relevant statutes,

regulations and case law speak for themselves.

41.     The FSC/SUNAMERICA Defendants admit that Paragraph 41 references

ERISA § 103, 29 U.S.C. § 1023, but deny the remaining allegations in Paragraph 41 on

the grounds that they purport merely to state legal conclusions and the relevant statutes, regulations and case law speak for themselves.

42.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, therefore, deny same.

43.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, deny same.

44.     In response to the allegations in Paragraph 44, the FSC/SUNAMERICA Defendants state that the referenced Form 5500s and the governing documents of the Plan speak for themselves, and deny the allegations in Paragraph 44 to the extent they are inconsistent therewith.   The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, therefore, deny same.

45.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, deny same.

46.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, deny same.

47.     In response to the allegations in Paragraph 47, the FSC/SUNAMERICA Defendants state that the referenced Form 5500 speaks for itself, and deny the allegations in Paragraph 47 to the extent they are inconsistent therewith.

- 8 -

48.     In response to the allegations in Paragraph 48, the FSC/SUNAMERICA Defendants state that the referenced Form 5500 speaks for itself, and deny the allegations in Paragraph 48 to the extent they are inconsistent therewith.  The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, therefore, deny same.

49.     In response to the allegations in Paragraph 49, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny the allegations in Paragraph 49 to the extent they are inconsistent therewith.  The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, therefore, deny same.

50.     In response to the allegations in Paragraph 50, the FSC/SUNAMERICA Defendants admit that FSC provided the Inductotherm Defendants with a SAS 70 Report in or about March 2009. In further response, the FSC/SUNAMERICA Defendants state that the referenced statement of the Department of Labor speaks for itself, and deny the allegations in Paragraph 50 to the extent they are inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 50 and, therefore, deny same.

51.     In response to the allegations in Paragraph 51, the FSC/SUNAMERICA Defendants state that the referenced email speaks for itself, and deny the allegations in Paragraph 51 to the extent they are inconsistent therewith.  In further response, the FSC/SUNAMERICA Defendants deny that Wharton has, has had or is required to have a SAS 70 Report. The FSC/SUNAMERICA Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in
Paragraph 51 and, therefore, deny same.

**B.      Inductotherm Defendants Retention of FSC Securities
         Corporation/Wharton in Late 2005**

52.      The FSC/SUNAMERICA Defendants are without knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of
the Complaint and, therefore, deny same.

53.      In response to the allegations in Paragraph 53, the FSC/SUNAMERICA
Defendants state that the referenced Form 5500 speaks for itself, and deny the allegations
in Paragraph 53 to the extent they are inconsistent therewith.

54.      In response to the allegations in Paragraph 54, the FSC/SUNAMERICA
Defendants admit that on or about December 12, 2005, Inductotherm, and Marc
Hembrough and B.J. Webster of the Wharton Business Group in their capacity as
registered investment advisory representatives for FSC Securities Corporation, executed
the "Inductotherm, Inc. Profit Sharing Plan Investment Policy." The
FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 54.

55.      In response to the allegations in Paragraph 55, the FSC/SUNAMERICA
Defendants admit that on or about December 12, 2005, Inductotherm, and Marc
Hembrough and B.J. Webster of the Wharton Business Group in their capacity as
registered investment advisory representatives for FSC Securities Corporation, executed
the "FSC Securities Corporation Vision2020 Investment Advisory Agreement." The
FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 55.

56.      In response to the allegations in Paragraph 56, the FSC/SUNAMERICA
Defendants state that the Form 5500 for the Plan year commencing on January 1, 2006

speaks for itself and deny any allegations in Paragraph 56 inconsistent therewith.  In

further response, the FSC/SUNAMERICA Defendants state that FSC and certain of its

registered investment advisory representatives received fees during 2006 for investment

advisory services provided to the Plan by certain of its investment advisory

representatives who call themselves the Wharton Business Group.  The

FSC/SUNAMERICA Defendants further state that FSC Securities Corporation is a

wholly-owned subsidiary of Financial Service Corporation.  The FSC/SUNAMERICA

Defendants deny the remaining allegations in Paragraph 56.

57.     In response to the allegations in Paragraph 57 of the Complaint, the

FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 2008 Annual Report (10-K)

speaks for itself and deny any allegations in Paragraph 57 inconsistent therewith.  In

further response, the FSC/SUNAMERICA Defendants state that Financial Service

Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA

Defendants deny the remaining allegations in Paragraph 57.

58.     In response to the allegations in Paragraph 58, the FSC/SUNAMERICA

Defendants state Exhibit 21 to AIG's 2008 Annual Report (10-K) speaks for itself and

deny any allegations in Paragraph 58 inconsistent therewith.

59.     In response to the allegations in Paragraph 59 of the Complaint, the

FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 2008 Annual Report (10-K)

speaks for itself and deny any allegations in Paragraph 59 inconsistent therewith.  In

further response, the FSC/SUNAMERICA Defendants state that FSC Securities

Corporation is an indirect wholly-owned subsidiary of AIG.  The FSC/SUNAMERICA

Defendants deny the remaining allegations in Paragraph 59.

60. Admitted.

61. Except for admitting that Financial Service Corporation is not licensed with the SEC or licensed to transact business in the State of New Jersey, the FSC/SUNAMERICA Defendants deny the allegations in Paragraph 61.

62. Admitted.

63. Admitted.

**C.    FSC Securities Corporation Is/Was Responsible for Participates/Participated In, and Is Liable for, All of Wharton's and Messrs. Hembrough's, Webster's and Gueriera's Actions With respect to the Plan Since Wharton is a Branch Office of FSC Securities Corporation and Messrs. Hembrough, Webster and Gueriera are Employees of FSC Securities Corporation.**

**i.    Persons Working At Wharton's Office In Exton Pennsylvania and Servicing The Plan Are Doing So In Their Capacity As Employees of FSC Securities Corporation.**

64. In response to the allegations in Paragraph 64, the FSC/SUNAMERICA Defendants state that the web pages referenced in Paragraph 64 speaks for itself, and deny any allegations in Paragraph 64 inconsistent therewith.

65. In response to the allegations in Paragraph 65, the FSC/SUNAMERICA Defendants state that the web page referenced in Paragraph 65 speaks for itself, and deny any allegations in Paragraph 65 inconsistent therewith.

66. Admitted.

67. Admitted.

68. In response to the allegations in Paragraph 68, the FSC/SUNAMERICA Defendants state that the referenced CRD Reports speak for themselves, and deny any allegations in Paragraph 68 inconsistent therewith.

69.     In response to the allegations in Paragraph 69, the FSC/SUNAMERICA Defendants state that the referenced Form ADV speaks for itself, and deny any allegations in Paragraph 69 inconsistent therewith.

70.     In response to the allegations in Paragraph 70, the FSC/SUNAMERICA Defendants state that the referenced FINRA filings speak for themselves, and deny any allegations in Paragraph 70 inconsistent therewith.

71.     Admitted.

72.     In response to the allegations in Paragraph 72, the FSC/SUNAMERICA Defendants deny that Marc Hembrough has been an employee of FSC, Princor Financial Services Corp., Principal Life Insurance Co. or the Wharton Business Group, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities during the listed time periods.

73.     In response to the allegations in Paragraph 73, the FSC/SUNAMERICA Defendants deny that John Morgenthaler has been an employee of FSC, Princor Financial Services Corp., Principal Life Insurance Co. or the Wharton Business Group, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities during the listed time periods.

74.     In response to the allegations in Paragraph 74, the FSC/SUNAMERICA Defendants deny that Robert Gueriera has been an employee of FSC, Princor Financial Services Corp., Union Central Life Insurance Co., Principal Mutual Insurance Co. or the Wharton Business Group, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities during the listed time periods.

- 13 -

75.     In response to the allegations in Paragraph 75, the FSC/SUNAMERICA Defendants deny that Matthew Delaney has been an employee of FSC Securities Corporation, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with FSC Securities Corporation during the listed time periods.

76.     In response to the allegations in Paragraph 76, the FSC/SUNAMERICA Defendants deny that Billy Joe Webster has been an employee of FSC, Connecticut General Life Insurance Co. or the Wharton Business Group, LLC, but admit that he has been associated and/or held insurance and/or securities licenses and registrations with the listed entities and has been a member of Wharton Business Group, LLC during the listed time periods.

### ii.     Wharton's Web Pages Are AIG (Indirect Parent of FSC Securities Corporation) Web Pages

77.     In response to the allegations in Paragraph 77 of the Complaint, the FSC/SUNAMERICA Defendants deny that FSC Securities Corporation is a "wholly owned subsidiary of AIG" and state that FSC Securities Corporation is an indirect wholly-owned subsidiary of AIG.

78.     Admitted.

79.     In response to the allegations in Paragraph 79, the FSC/SUNAMERICA Defendants state that the web page referenced in Paragraph 79 speaks for itself, and deny any allegations in Paragraph 79 inconsistent therewith.

80.     Admitted.

81.     Admitted.

82.     In response to the allegations in Paragraph 82, the FSC/SUNAMERICA

Defendants state that the web page referenced in Paragraph 82 speaks for itself, and deny

any allegations in Paragraph 82 inconsistent therewith.

83.     Admitted.

### iii.     Registration Status of Wharton and FSC Securities Corporation

84.     Denied.

85.     Admitted.

86.     Denied.

87.     In response to the allegations in Paragraph 87, the FSC/SUNAMERICA

Defendants state that the Central Registration Depository ("CRD") Report (operated by

FINRA) for Wharton Business Group, LLC referenced in Paragraph 87 speaks for itself,

and deny any allegations in Paragraph 87 inconsistent therewith.

88.     Denied.

89.     In response to the allegations in Paragraph 89, the FSC/SUNAMERICA

Defendants admit that FSC Securities Corporation is registered with the SEC and is

licensed to transact business in the State of New Jersey. The FSC/SUNAMERICA

Defendants deny the remaining allegations in Paragraph 89.

90.     In response to the allegations in Paragraph 90, the FSC/SUNAMERICA

Defendants admit that: (a) certain registered persons who use the trade name "Wharton

Business Group," including Marc Hembrough and B. J. Webster, comprise a  branch

office of FSC; (b) "Wharton Business Group" is not a licensed entity; (c) FSC,

Hembrough and Webster as registered investment advisory representatives of FSC, were

properly registered to provide investment advisory services to the Plan; (d) Hembrough

and Webster signed the Inductotherm, Inc. Profit Sharing Plan Investment Policy; (e)
Hembrough and Guereira signed the FSC Vision2020 Investment Advisory Agreement
with the Plan; and (f) FSC, Hembrough and Webster have been the Plan's investment
advisers from December 16, 2005 through the present. The FSC/SUNAMERICA
Defendants deny the remaining allegations in Paragraph 90.

> **D.     Fiduciary Status of FSC Securities Corporation, Certain of Its
> Employees And Wharton**

91.     Admitted.

92.     In response to the allegations in Paragraph 92, the FSC/SUNAMERICA
Defendants state that the documents referenced in Paragraph 92 speak for themselves,
and deny any allegations in Paragraph 92 inconsistent therewith.

93.     In response to the allegations in Paragraph 93, the FSC/SUNAMERICA
Defendants state that the documents referenced in Paragraph 93 speak for themselves,
and deny any allegations in Paragraph 93 inconsistent therewith.

94.     In response to the allegations in Paragraph 94, the FSC/SUNAMERICA
Defendants admit that Wharton Business Group provided monthly meeting materials to
the Inductotherm Plan Trustees. In further response, the FSC/SUNAMERICA
Defendants state that the documents provided by Wharton Business Group referenced in
Paragraph 94 speak for themselves, and deny any allegations in Paragraph 94 inconsistent
therewith.

95.     The FSC/SUNAMERICA Defendants state that the documents provided
by Wharton Business Group referenced in Paragraph 95 speak for themselves, and deny
any allegations in Paragraph 95 inconsistent therewith.

96. The FSC/SUNAMERICA Defendants state that the presentation referenced in Paragraph 96 speaks for itself, and deny any allegations in Paragraph 96 inconsistent therewith.

97. The FSC/SUNAMERICA Defendants state that the portfolio allocation models referenced in Paragraph 97 speak for themselves, and deny any allegations in Paragraph 97 inconsistent therewith.

98. In response to the allegations in Paragraph 98, the FSC/SUNAMERICA Defendants admit that on or about December 12, 2005, Inductotherm, and Marc Hembrough and B.J. Webster of the Wharton Business Group in their capacity as registered investment advisory representatives for FSC Securities Corporation, executed the "Inductotherm, Inc. Profit Sharing Plan Investment Policy." In further response, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself, and deny any allegations in Paragraph 98 inconsistent therewith.

99. In response to the allegations in Paragraph 99, the FSC/SUNAMERICA Defendants state that the "Inductotherm, Inc., Profit Sharing Plan Investment Policy" executed on or about December 12, 2005 speaks for itself, and deny any allegations in Paragraph 99 inconsistent therewith.

100. In response to the allegations in Paragraph 100, the FSC/SUNAMERICA Defendants admit that on or about December 12, 2005, Inductotherm, and Marc Hembrough and B.J. Webster of the Wharton Business Group in their capacity as registered investment advisory representatives for FSC Securities Corporation, executed the "FSC Securities Corporation Vision2020 Investment Advisory Agreement." In further

response, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself, and deny any allegations in Paragraph 100 inconsistent therewith.

101.    In response to the allegations in Paragraph 101, the FSC/SUNAMERICA Defendants state that the referenced "FSC Securities Corporation Vision2020 Investment Advisory Agreement" speaks for itself, and deny any allegations in Paragraph 101 inconsistent therewith.

102.    In response to the allegations in Paragraph 102, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 102 speak for themselves, and deny any allegations in Paragraph 102 inconsistent therewith.

103.    Admitted.

104.    The allegations in Paragraph 104 of the Complaint state in whole or in part a legal conclusion that does not require an answer. To the extent an answer is required, the FSC/SUNAMERICA Defendants admit that FSC, and Hembrough and Webster in their capacity as FSC-registered investment advisory representatives, were fiduciaries to the Plan pursuant to 29 U.S.C. §1002(21)(A) with respect to the investment advisory services they provided to the Plan. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 104.

### E.    FSC Securities Corporation/Wharton's Money Market Fund Investments

105.    Admitted.

106.    In response to the allegations in Paragraph 106, the FSC/SUNAMERICA Defendants state that the referenced Brokerage Account Statements for the Plan speak for themselves, and deny the allegations in Paragraph 106 to the extent they are inconsistent therewith.

107.     In response to the allegations in Paragraph 107, the FSC/SUNAMERICA Defendants state that the referenced Brokerage Account Statements for the Plan speak for themselves, and deny the allegations in Paragraph 107 to the extent they are inconsistent therewith.

108.     In response to the allegations in Paragraph 108, the FSC/SUNAMERICA Defendants state that the referenced Brokerage Account Statements for the Plan speak for themselves, and deny the allegations in Paragraph 108 to the extent they are inconsistent therewith.

109.     In response to the allegations in Paragraph 109, the FSC/SUNAMERICA Defendants state that the referenced Brokerage Account Statements for the Plan speak for themselves, and deny the allegations in Paragraph 109 to the extent they are inconsistent therewith.

110.     In response to the allegations in Paragraph 110, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 110 speak for themselves, and deny any allegations in Paragraph 110 inconsistent therewith. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 and, therefore, deny same.

111.     The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, deny same.

112.    The FSC/SUNAMERICA Defendants are without knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph 112
and, therefore, deny same.

113.    In response to the allegations in Paragraph 113, the FSC/SUNAMERICA
Defendants state that the SunAmerica Money Market Fund had four classes of shares
until on or about June 3, 2009. In further response, the FSC/SUNAMERICA Defendants
state that the portions of the SunAmerica Money Market Fund Prospectus concerning the
classes of shares for the fund and the fees charged with respect to each share class speak
for themselves, and deny any allegations in Paragraph 113 inconsistent therewith. The
FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 113.

114.    In response to the allegations in Paragraph 114, the FSC/SUNAMERICA
Defendants state that the portions of the Vanguard Prime Money Market Fund Prospectus
concerning classes of shares for the fund and the fees charged with respect to each share
class speak for themselves, and deny any allegations in Paragraph 114 inconsistent
therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in
Paragraph 114.

115.    Denied.

116.    No response required.

117.    In response to the allegations in Paragraph 117, the FSC/SUNAMERICA
Defendants state that FSC, and Hembrough and Webster in their capacity as FSC-
registered investment advisory representatives, provided investment advisory services to
the Oneida Insurance Company until early 2010, at which time Wharton Business Group,
LLC became the insurance company's investment adviser. The FSC/SUNAMERICA

Defendants further state that while the SunAmerica Money Market Fund was not used as the cash sweep vehicle for the insurance company's account, other money market funds have been so used, but not the Vanguard Prime Money Market Fund, and that the Vanguard Prime Money Market Fund has been used as a cash equivalent or reserve asset investment option, along with other money market and short-term bond investment vehicles. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 117.

### i.   SunAmerica Money Market Fund

118.    In response to the allegations in Paragraph 118, the FSC/SUNAMERICA Defendants state that the amount of fees charged to the Plan on account of the investment of Plan assets into the SunAmerica Money Market Fund are based on the expense ratios for the SunAmerica Money Market Fund Class A shares, and the expense ratios with respect to those Class A shares are reflected in the SunAmerica Money Market Fund prospectuses and annual reports for the relevant time periods. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 118.

119.    In response to the allegations in Paragraph 119, the FSC/SUNAMERICA Defendants admit that the SunAmerica Money Market Fund had four share classes identified as A, B, C and I until on or about June 3, 2009. In further response, the FSC/SUNAMERICA Defendants state that the referenced SunAmerica Money Market Fund Quarterly Report, Vanguard Prime Money Market Fund prospectus and SunAmerica Money Market Fund prospectus speak for themselves, and deny any allegations in Paragraph 119 inconsistent therewith.

120.    In response to the allegations in Paragraph 120, the FSC/SUNAMERICA Defendants state that SunAmerica Money Market Funds, Inc. is organized as a Maryland

- 21 -

corporation, is registered as an open-end management investment company under the Investment Company Act of 1940, as amended (the "1940 Act"), and currently has two investment portfolios, one of which is the SunAmerica Money Market Fund. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 120.

121.    In response to the allegations in Paragraph 121, the FSC/SUNAMERICA Defendants state Exhibit 21 to AIG's 10-K speaks for itself and deny any allegations in Paragraph 121 inconsistent therewith. In further response, the FSC/SUNAMERICA Defendants state that the SunAmerica Asset Management Corp. is an indirect wholly-owned subsidiary of AIG. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 121.

122.    In response to the allegations in Paragraph 122, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp. serves as investment adviser to, provides certain administrative services to, and supervises the daily business affairs of, the SunAmerica Money Market Fund. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 122.

123.    In response to the allegations in Paragraph 123, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp. serves as investment adviser to, provides certain administrative services to, and supervises the daily business affairs of, the SunAmerica Money Market Fund. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 123.

124.    Admitted.

125.    Admitted.

126.    Admitted.

127.    Admitted.

128.    In response to the allegations in Paragraph 128, the FSC/SUNAMERICA Defendants state that the SunAmerica Asset Management Corp. Form ADV filed on or about July 20, 2009 speaks for itself, and deny any allegations inconsistent therewith.

129.    In response to the allegations in Paragraph 129, the FSC/SUNAMERICA Defendants admit that a group of FSC Securities Corporation registered representatives who call themselves the "Wharton Business Group" make up a branch office of FSC Securities Corporation. In further response, the FSC/SUNAMERICA Defendants state that the SunAmerica Money Market Fund prospectus describes the fees paid to SunAmerica Asset Management Corp., and deny any allegations in Paragraph 129 inconsistent therewith. The FSC/SUNAMERICA Defendants further state that Financial Service Corporation, FSC Securities Corporation and SunAmerica Asset Management Corp. are indirect wholly-owned subsidiaries of AIG. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 129.

130.    In response to the allegations in Paragraph 130, the FSC/SUNAMERICA Defendants state that Exhibit 21 to AIG's 10-K speaks for itself and deny any allegations in Paragraph 130 inconsistent therewith. In further response, the FSC/SUNAMERICA Defendants state that SunAmerica Capital Services, Inc. is an indirect wholly-owned subsidiary of AIG. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 130.

131.    In response to the allegations in Paragraph 131, the FSC/SUNAMERICA Defendants admit that a group of FSC Securities Corporation registered representatives who call themselves the "Wharton Business Group" make up a branch office of FSC

Securities Corporation.  In further response, the FSC/SUNAMERICA Defendants state
that the SunAmerica Money Market Fund prospectus describes the fees paid to
SunAmerica Capital Services, Inc., and deny any allegations in Paragraph 131
inconsistent therewith.  The FSC/SUNAMERICA Defendants further state that FSC
Securities Corporation and SunAmerica Capital Services, Inc. are indirect wholly-owned
subsidiaries of AIG.  The FSC/SUNAMERICA Defendants deny the remaining
allegations in Paragraph 131.

     132.    Admitted.

     133.    In response to the allegations in Paragraph 133, the FSC/SUNAMERICA
Defendants admit that a group of FSC Securities Corporation registered representatives
who call themselves the "Wharton Business Group" make up a branch office of FSC
Securities Corporation.  In further response, the FSC/SUNAMERICA Defendants state
that the SunAmerica Money Market Fund prospectus describes the fees paid to
SunAmerica Fund Services, Inc., and deny any allegations in Paragraph 133 inconsistent
therewith.   The FSC/SUNAMERICA Defendants further state that FSC Securities
Corporation and SunAmerica Capital Services, Inc. are indirect wholly-owned
subsidiaries of AIG.  The FSC/SUNAMERICA Defendants deny the remaining
allegations in Paragraph 133.

     134.    In response to the allegations in Paragraph 134, the FSC/SUNAMERICA
Defendants admit that from time to time AIG, as a holding company, has received
dividend distributions and other payments from certain of its direct subsidiaries.  The
FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 134.

- 24 -

### ii.   Failure to Use The Vanguard Prime Money Market Fund
### Institutional Class, As The Plan's Money Market Fund

135.   In response to the allegations in Paragraph 135, the FSC/SUNAMERICA Defendants state that the portions of the Vanguard Prime Money Market Fund Prospectus concerning the returns on investments speak for themselves, and deny any allegations in Paragraph 135 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 135.

136.   In response to the allegations in Paragraph 136, the FSC/SUNAMERICA Defendants state that the portions of the Vanguard Prime Money Market Fund Prospectus concerning the returns on investments and the SUNAMERICA Money Market Fund Prospectus concerning classes and returns on investments speak for themselves, and deny any allegations in Paragraph 136 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 136.

137.   In response to the allegations in Paragraph 137, the FSC/SUNAMERICA Defendants state that the portions of the Vanguard Prime Money Market Fund Prospectus concerning the returns on investments and the SUNAMERICA Money Market Fund Prospectus concerning classes and returns on investments speak for themselves, and deny any allegations in Paragraph 137 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 137.

138.   In response to the allegations in Paragraph 138, the FSC/SUNAMERICA Defendants state that the documents provided by Wharton Business Group to the Plan trustees on or about November 21, 2005 speak for themselves, and deny any allegations in Paragraph 138 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 138.

139.     In response to the allegations in Paragraph 139, the FSC/SUNAMERICA

Defendants state that the documents provided by Wharton Business Group to the Plan

trustees on or about November 21, 2005 speak for themselves, and deny any allegations

in Paragraph 139 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the

remaining allegations in Paragraph 139.

140.     In response to the allegations in Paragraph 140, the FSC/SUNAMERICA

Defendants state that the referenced documents speak for themselves and deny any

allegations in Paragraph 140 inconsistent therewith. The FSC/SUNAMERICA

Defendants deny the remaining allegations in Paragraph 140.

141.     Denied.

**F.**     **FSC Securities Corporation's/Wharton's Investments Into Long Short
Funds-The Hussman Strategic Growth Fund, the Diamond Hill Long
Short Fund and the Dover Long/Short Sector Fund.**

142.     In response to the allegations in Paragraph 142, the FSC/SUNAMERICA

Defendants state that the Brokerage Account Statements for the Plan speak for

themselves, and deny any allegations in Paragraph 142 inconsistent therewith. The

FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 142.

143.     In response to the allegations in Paragraph 143, the FSC/SUNAMERICA

Defendants state that the Brokerage Account Statements for the Plan speak for

themselves, and deny any allegations in Paragraph 143 inconsistent therewith. The

FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 143.

144.     In response to the allegations in Paragraph 144, the FSC/SUNAMERICA

Defendants state that the Brokerage Account Statements for the Plan speak for

themselves, and deny any allegations in Paragraph 144 inconsistent therewith. The

FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 144.

145.     In response to the allegations in Paragraph 145, the FSC/SUNAMERICA
Defendants state that the Brokerage Account Statements for the Plan speak for
themselves, and deny any allegations in Paragraph 145 inconsistent therewith. The
FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 145.

146.     The FSC/SUNAMERICA Defendants are without knowledge or
information sufficient to form a belief as to the truth of the allegations in the first
sentence of Paragraph 146 and, therefore, deny same.

147.     The FSC/SUNAMERICA Defendants are without knowledge or
information sufficient to form a belief as to the truth of the allegations in the first
sentence of Paragraph 147 and, therefore, deny same.

148.     In response to the allegations in Paragraph 148, the FSC/SUNAMERICA
Defendants state that the Inductotherm Inc., Profit Sharing Plan Investment Policy speaks
for itself, and deny any allegations in Paragraph 148 inconsistent therewith.

149.     In response to the allegations in Paragraph 149, the FSC/SUNAMERICA
Defendants state that the investment policy for the Plan executed on or about
December 12, 2005 speaks for itself, and deny any allegations in Paragraph 149
inconsistent therewith.

150.     In response to the allegations in Paragraph 150, the FSC/SUNAMERICA
Defendants state that the investment policy for the Plan executed on or about
December 12, 2005 speaks for itself, and deny any allegations in Paragraph 150
inconsistent therewith.

151.     Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, therefore, deny same.

### i.     Hussman Strategic Growth Fund

152.     In response to the allegations in Paragraph 152, the FSC/SUNAMERICA Defendants state that the Hussman Strategic Growth Fund Prospectus referenced in Paragraph 152 speaks for itself, and deny any allegations in Paragraph 152 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 152.

153.     Denied.

### ii.     Diamond Hill Long Short Fund

154.     In response to the allegations in Paragraph 154, the FSC/SUNAMERICA Defendants state that the Diamond Hill Long Short Fund Prospectus speaks for itself, and deny any allegations in Paragraph 154 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 154.

155.     Denied.

### iii.     Dover Long/Short Sector Fund

156.     In response to the allegations in Paragraph 156, the FSC/SUNAMERICA Defendants state that the Dover Long/Short Sector Fund Prospectus speaks for itself, and deny any allegations in Paragraph 156 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 156.

157.     Denied.

### G.    Imprudent Asset Allocation

158.    In response to the allegations in Paragraph 158, the FSC Defendants state that they were generally aware of the demographics of the Plan participants. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158 and, therefore, deny same.

159.    In response to the allegations in Paragraph 159, the FSC Defendants state that they were generally aware of the demographics of the Plan participants. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and, therefore, deny same.

160.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, therefore, deny same.

161.    The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, therefore, deny same.

162.    In response to the allegations in Paragraph 162, the FSC/SUNAMERICA Defendants state that the Wharton Business Group Inductotherm Inc., Profit Sharing Plan Investment Policy speaks for itself, and deny any allegations in Paragraph 162 inconsistent therewith.

163.    Denied. In further response, the FSC/SUNAMERICA Defendants state that the Brokerage Account Statements for the Plan and the other documents reflecting

- 29 -

the Plan's investments speak for themselves and deny any allegations in Paragraph 163 inconsistent therewith.

164.    Denied. In further response, the FSC/SUNAMERICA Defendants state that the Brokerage Account Statements for the Plan and the other documents reflecting the Plan's investments speak for themselves and deny any allegations in Paragraph 164 inconsistent therewith.

165.    In response to the allegations in Paragraph 165, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself and deny any allegations in Paragraph 165 inconsistent therewith. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 and, therefore, deny same.

166.    In response to the allegations in Paragraph 166, the FSC/SUNAMERICA Defendants admit that Wharton Business Group provided the Plan Trustees with monthly meeting materials regarding investment strategy with respect to the Plan. In further response, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny any allegations in Paragraph 166 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 166.

167.    In response to the allegations in Paragraph 167, the FSC/SUNAMERICA Defendants state that the monthly meeting materials speak for themselves, and deny any allegations in Paragraph 167 inconsistent therewith.

168.    Admitted.

169.    Denied. In further response, the FSC/SUNAMERICA Defendants state that the documents referenced in Paragraph 169 speak for themselves and deny any allegations in Paragraph 169 inconsistent therewith.

170.    Denied.

171.    Denied.

172.    Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and therefore deny same.

173.    Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, therefore, deny same.

174.    Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, therefore, deny same.

175.    Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, therefore, deny same.

176.    In response to the allegations in Paragraph 176, the FSC/SUNAMERICA Defendants state that the Trustee's minutes speak for themselves, and deny any allegations in Paragraph 176 inconsistent therewith.

177.    In response to the allegations in Paragraph 177, the FSC/SUNAMERICA Defendants state that the monthly meeting materials and Brokerage Account Statements

of the Plan speak for themselves, and deny any allegations in Paragraph 177 inconsistent therewith.

178.     In response to the allegations in Paragraph 178, the FSC/SUNAMERICA Defendants state that the monthly meeting materials and Brokerage Account Statements of the Plan speak for themselves, and deny any allegations in Paragraph 178 inconsistent therewith.

179.     In response to the allegations in Paragraph 179, the FSC/SUNAMERICA Defendants state that the monthly meeting materials, Brokerage Account Statements of the Plan and the documents reflecting the Plan's census information for 2008 and 2009 speak for themselves, and deny any allegations in Paragraph 179 inconsistent therewith.

180.     In response to the allegations in Paragraph 180, the FSC/SUNAMERICA Defendants state that the Trustee's Minutes speak for themselves, and deny any allegations in Paragraph 180 inconsistent therewith.

181.     In response to the allegations in Paragraph 181, the FSC/SUNAMERICA Defendants admit that FSC/Wharton was not providing services to the Plan in 2002. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181 and, therefore, deny same.

182.     In response to the allegations in Paragraph 182, the FSC/SUNAMERICA Defendants admit that the SunAmerica Asset Management Corp. is investment adviser to the SunAmerica 2015/2020 High Watermark Funds. The FSC/SUNAMERICA Defendants state that the SunAmerica 2015/2020 High Watermark Funds Prospectuses speak for themselves, and deny any allegations in Paragraph 182 inconsistent therewith.

183.     In response to the allegations in Paragraph 183, the FSC/SUNAMERICA Defendants state that the prospectuses speak for themselves, and deny any allegations in Paragraph 183 inconsistent therewith.

184.     In response to the allegations in Paragraph 184, the FSC/SUNAMERICA Defendants state that the prospectuses speak for themselves, and deny any allegations in Paragraph 184 inconsistent therewith.

185.     In response to the allegations in Paragraph 185, the FSC/SUNAMERICA Defendants state that the prospectuses speak for themselves, and deny any allegations in Paragraph 185 inconsistent therewith.

186.     In response to the allegations in Paragraph 186, the FSC/SUNAMERICA Defendants state that the prospectuses speak for themselves, and deny any allegations in Paragraph 186 inconsistent therewith.

187.     Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form belief as to the truth of the allegations in Paragraph 187 and, therefore, deny same.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     In response to the allegations in Paragraph 192, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny any allegations in Paragraph 192 inconsistent therewith.

193.     Denied.

194.    In response to the allegations in Paragraph 194, the FSC/SUNAMERICA Defendants admit that the documents reflecting the Plan's investments and investment returns for 2008 speak for themselves and deny allegations in Paragraph 194 inconsistent therewith. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 194 and, therefore, deny same.

195.    In response to the allegations in Paragraph 195, the FSC/SUNAMERICA Defendants state that the Brokerage Account Statements for the Plan, the documents reflecting the performance and returns of the Plan's investments, and the referenced investment policies speak for themselves, and deny any allegations in Paragraph 195 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 195.

**H.     Text has been deleted in light of the Court's rulings on Plaintiffs' Motions to Amend their Complaint.**

196.    No response required.

197.    No response required.

198.    No response required.

199.    No response required.

200.    No response required.

201.    No response required.

202.    No response required.

203.    No response required.

204.    No response required.

205.    No response required.

206.   No response required.

207.   No response required.

208.   No response required.

209.   No response required.

I.      **Inductotherm Defendants Failure To Investigate FSC Securities Corporation/Wharton's Ability To Manage A Large 401(k) Plan/Failure To Monitor FSC Securities Corporation/Wharton After Their Retention**

210.   In response to the allegations in Paragraph 210, the FSC/SUNAMERICA Defendants admit Trustee Defendant Laurence Krupnick sent an email to Marc Hembrough on or about August 20, 2009 and that the email speaks for itself, and deny any allegations in Paragraph 210 inconsistent therewith.

211.   Admitted.

212.   In response to the allegations in Paragraph 212, the FSC/SUNAMERICA Defendants admit Trustee Defendant Laurence Krupnick sent an email on or about October 1, 2009 and that the email speaks for itself, and deny any allegations in Paragraph 212 inconsistent therewith.

213.   In response to the allegations in Paragraph 213, the FSC/SUNAMERICA Defendants admit B.J. Webster sent an email on or about October 1, 2009 and that the email speaks for itself, and deny any allegations in Paragraph 213 inconsistent therewith.

214.   In response to the allegations in Paragraph 214, the FSC/SUNAMERICA Defendants state that the referenced complaint speaks for itself, and deny any allegations in Paragraph 214 inconsistent therewith.

215.   In response to the allegations in Paragraph 215, the FSC/SUNAMERICA Defendants state that the referenced complaint speaks for itself, and deny any allegations

in Paragraph 215 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 215.

216.    In response to the allegations in Paragraph 216, the FSC/SUNAMERICA Defendants state that the referenced complaint speaks for itself, and deny any allegations in Paragraph 216 inconsistent therewith.

217.    In response to the allegations in Paragraph 217, the FSC/SUNAMERICA Defendants admit B.J. Webster received an email from Laurence Krupnick on or about January 18, 2010 and that the email speaks for itself, and deny any allegations in Paragraph 217 inconsistent therewith.

218.    In response to the allegations in Paragraph 218, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny any allegations in Paragraph 218 inconsistent therewith.

219.    In response to the allegations in Paragraph 219, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny any allegations in Paragraph 219 inconsistent therewith.

220.    In response to the allegations in Paragraph 220, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny any allegations in Paragraph 220 inconsistent therewith.

221.    Because of the vague nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 and, therefore, deny same.

222.    In response to the allegations in Paragraph 222, the FSC/SUNAMERICA Defendants state that the referenced complaint speaks for itself, and deny any allegations

in Paragraph 222 inconsistent therewith. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222 and, therefore, deny same.

223.   In response to the allegations in Paragraph 223, the FSC/SUNAMERICA Defendants admit that Messrs. Webster and Hembrough were the FSC-registered investment advisory representatives who had primary responsibility for providing investment advisory services to the Plan. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 223.

224.   Denied.

225.   In response to the allegations in Paragraph 225, the FSC/SUNAMERICA Defendants admit B.J. Webster sent an email to Trustee Defendant Thomas McShane on or about December 4, 2009 and that the email speaks for itself, and deny any allegations in Paragraph 225 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 225.

226.   In response to the allegations in Paragraph 226, the FSC/SUNAMERICA Defendants state that the Plan's 2009 Form 5500 speaks for itself, and deny any allegations in Paragraph 226 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 226.

227.   In response to the allegations in Paragraph 227, the FSC/SUNAMERICA Defendants state that the monthly meeting materials provided by the Wharton Business Group to the Plan trustees referenced in Paragraph 227 and the Brokerage Account Statements speak for themselves, and deny any allegations in Paragraph 227 inconsistent

therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 227.

228.    Denied.

229.    Denied.

230.    In response to the allegations in Paragraph 230, the FSC/SUNAMERICA Defendants admit Trustee Defendant Thomas McShane sent an email on or about December 17, 2009 and that the email speaks for itself, and deny any allegations in Paragraph 230 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Paragraph 230.

231.    Denied.

**J.    Damages to Plaintiffs/Plan**

232.    Denied.

**VI.    CLASS ALLEGATIONS**

233.    The FSC/SUNAMERICA Defendants admit that Paragraph 233 describes the purported Class.  The FSC/SUNAMERICA Defendants deny that class treatment is appropriate in this case.

234.    The FSC/SUNAMERICA Defendants admit that Paragraph 234 describes those persons and entities excluded from the purported Class.  The FSC/SUNAMERICA Defendants deny that class treatment is appropriate in this case.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

## VII.    ERISA CLAIMS FOR RELIEF

### COUNT I

**Breach of Fiduciary Duty by Failing to Abide
by Plan Documents**

**(Violation of ERISA §404(a), 29 U.S.C. §1104(a))**

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      The allegations in Count I, Paragraph 2 of the Complaint state in whole or in part a legal conclusion that does not require an answer.  To the extent an answer is required, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count I, Paragraph 2 and, therefore, deny same.

- 39 -

3.     Count I, Paragraph 3 purports to state a legal conclusion to which no response is required.

4.     The Plan documents referenced in Count I, Paragraph 4, speak for themselves, and the FSC/SUNAMERICA Defendants deny any allegation in Count I, Paragraph 4 inconsistent therewith.

5.     The Plan documents referred to in Count I, Paragraph 5, speak for themselves, and the FSC/SUNAMERICA Defendants deny any allegation in Count I, Paragraph 5 inconsistent therewith.

6.     The letter referred to in Count I, Paragraph 6, speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count I, Paragraph 6 inconsistent therewith.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

## COUNT II

**Breach of Fiduciary Duty by Causing the Plan to Pay Excessive Fees to Charlotte Capital, LLC, which Caused Losses to the Plan**

**(Violation of ERISA §404(a), 29 U.S.C. §1104(a))**

THIS COUNT WAS DISMISSED BY THE COURT ON SEPTEMBER 17, 2010.

## COUNT III

### Engaging in Prohibited Transactions by Causing
### the Plan to Invest in the SunAmerica Money Market Fund

### (Violation of ERISA §§406(b)(1),(2) and(3) and 29 U.S.C. §§1106(b)(1),(2) and(3))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      Count III, Paragraph 2, purports to state a legal conclusion to which no response is required.

3.      Schedule C of the Form 5500 for the Plan year commencing on January 1, 2006 and ending on December 31, 2006 referred to in Count III, Paragraph 3 speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count III, Paragraph 3 inconsistent therewith.

4.      Schedule C of the Form 5500 for the Plan year commencing on January 1, 2007 and ending on December 31, 2007 referred to in Count III, Paragraph 4 speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count III, Paragraph 4 inconsistent therewith.

5.      In response to the allegations in Count III, Paragraph 5, the FSC/SUNAMERICA Defendants admit that FSC Securities Corporation is a wholly-owned subsidiary of Financial Service Corporation and that FSC Securities Corporation and Financial Service Corporation are indirect wholly-owned subsidiaries of AIG. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count III, Paragraph 5.

6.      Admitted, on information and belief.

- 41 -

7. The FSC/SUNAMERICA Defendants deny the allegations in Count III, Paragraph 7. In further response, the FSC/SUNAMERICA Defendants state that a group of FSC Securities Corporation registered persons who call themselves the "Wharton Business Group" make up a branch office of FSC Securities Corporation. The FSC/SUNAMERICA Defendants further state that Mssrs. Hembrough, Gueriera, and Webster hold certain securities licenses and registrations through FSC Securities Corporation.

8. In response to the allegations in Count III, Paragraph 8, the FSC/SUNAMERICA Defendants admit that FSC, and Hembrough and Webster in their capacity as FSC-registered investment advisory representatives, are fiduciaries to the Plan pursuant to 29 U.S.C. §1002(21)(A) with respect to the investment advisory services they have provided to the Plan.

9. In response to the allegations in Count III, Paragraph 9, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself, and deny any allegations in Count III, Paragraph 9 inconsistent therewith.

10. The financial statement for the Plan year commencing on January 1, 2007 and ending on December 31, 2007 referred to in Count III, Paragraph 10 speaks for itself, and the FSC/SUNAMERICA Defendants deny any allegation in Count III, Paragraph 10 inconsistent therewith.

11. Denied.

12. In response to the allegations in Count III, Paragraph 12, the FSC/SUNAMERICA Defendants state that the referenced Brokerage Account Statements for the Plan speak for themselves, and deny any allegations in Count III, Paragraph 12

- 42 -

inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count III, Paragraph 12.

13.      In response to the allegations in Count III, Paragraph 13, the FSC/SUNAMERICA Defendants admit that the SunAmerica Money Market Fund prospectus describes the fees paid to SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc. and SunAmerica Fund Services, Inc., and deny any allegations in Count III, Paragraph 13 inconsistent therewith.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count III, Paragraph 13.

14.      In response to the allegations in Count III, Paragraph 14, the FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc and SunAmerica Fund Services, Inc. are indirect wholly-owned subsidiaries of AIG, and that from time to time AIG, as a holding company, has received dividend distributions and other payments from certain of its direct subsidiaries.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count III, Paragraph 14.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.      Denied.

## COUNT IV

### Engaging in Prohibited Transactions by Causing the Plan to Invest in the SunAmerica Money Market Fund

#### (Violation of ERISA §406 (a) (1) (A), (C) and (D) and 29 U.S.C. §§1106(a) (A),(C) and (D))

THIS COUNT WAS DISMISSED BY THE COURT ON SEPTEMBER 17, 2010.

## COUNT V

### Breach of Fiduciary Duty by Causing the Plan to Invest in the SunAmerica Money Market Fund

#### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      In response to the allegations in Count V, Paragraph 2, the FSC/SUNAMERICA Defendants admit that FSC, and Hembrough and Webster in their capacity as FSC-registered investment advisory representatives, are fiduciaries to the Plan pursuant to 29 U.S.C. §1002(21)(A) with respect to the investment advisory services they have provided to the Plan..

3.      In response to the allegations in Count V, Paragraph 3, the FSC/SUNAMERICA Defendants state that the referenced document and Vanguard Prime Money Market Fund Prospectus speak for themselves, and deny any allegations in Count V, Paragraph 3 inconsistent therewith.

4.      In response to the allegations in Count V, Paragraph 4, the FSC/SUNAMERICA Defendants state that the Plan's financial statement referenced in

- 44 -

Count V, Paragraph 4 speaks for itself, and deny any allegations in Count V, Paragraph 4 inconsistent therewith.

     5.     Denied.

     6.     In response to the allegations in Count V, Paragraph 6, the FSC/SUNAMERICA Defendants state that the Brokerage Account Statements for the Plan for the referenced period speak for themselves, and deny any allegations in Count V, Paragraph 6 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count V, Paragraph 6.

     7.     In response to the allegations in Count V, Paragraph 7, the FSC/SUNAMERICA Defendants state that the Vanguard Prospectuses providing the returns for the referenced funds share classes speak for themselves, and deny any allegations in Count V, Paragraph 7 inconsistent therewith.

     8.     In response to the allegations in Count V, Paragraph 8, the FSC/SUNAMERICA Defendants admit that the SunAmerica Money Market Fund had four fund share classes labeled A, B, C and I until on or about June 3, 2009. In further response, the FSC/SUNAMERICA Defendants state that the documents referenced in Count V, Paragraph 8, as well as the public filings reporting the annual returns for the Vanguard Prime Money Market Fund, speak for themselves, and deny any allegations in Count V, Paragraph 8 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count V, Paragraph 8.

     9.     Denied.

     10.     Denied.

     11.     Admitted.

12.     In response to the allegations in Count V, Paragraph 12, the

FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp. lists

with the SEC the same principal office address as SunAmerica Money Market Fund, Inc.

In further response, the FSC/SUNAMERICA Defendants state that SunAmerica Asset

Management Corp. serves as investment adviser to, provides various administrative

services to, and supervises the daily business affairs of the SunAmerica Money Market

Fund.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count V,

Paragraph 12.

13.     Admitted.

14.     In response to the allegations in Count V, Paragraph 14, the

FSC/SUNAMERICA Defendants state that the SunAmerica Asset Management Corp.'s

Form ADV speaks for itself, and deny any allegations in Count V, Paragraph 14

inconsistent therewith.

15.     Denied.

16.     Denied.

17.     Denied.

## COUNT VI

**Breach of Fiduciary Duty of Loyalty and Prudence by Causing the Plan to Invest in
the SunAmerica Money Market Fund**

**(Violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A))**

1.     The FSC/SUNAMERICA Defendants incorporate their responses to the

allegations of the Complaint contained in the previous paragraphs of this Answer as if

fully set forth herein.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

## COUNT VII

### Breach of Fiduciary Duty by Failing Abide by Plan Documents By Investing in the Hussman Strategic Growth Fund

### (Violation of ERISA §404(a), 29 U.S.C. §1104(a))

1.     The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.     Denied.

3.     Count VII, Paragraph 3 purports to state a legal conclusion as to which no response is required.

4.     Admitted, on information and belief.

5.     Denied.  In further response, the FSC/SUNAMERICA Defendants state that the Plan's investment policy executed on or about December 12, 2005 speaks for itself, and deny any allegations in Count VII, Paragraph 5 inconsistent therewith.

6.     Denied.

7.     Denied.

8.     Denied.

## COUNT VIII

### Breach of Fiduciary Duty by Causing the Plan to Invest in the Hussman Strategic Growth Fund

### (Violation of ERISA §404 (a) (1) (B) , 29 U.S.C. §1104 (a) (1) (B) )

This Count was dismissed by the Court on September 17, 2010.

## COUNT IX

### Breach of Fiduciary Duty For Following an Imprudent Investment Strategy
### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      Denied.

3.      Count IX, Paragraph 3 purports to state a legal conclusion to which no response is required.

4.      In response to the allegations in Count IX, Paragraph 4, the FSC/SUNAMERICA Defendants state that the Plan's investment policy executed on or about December 12, 2005 speaks for itself, and deny any allegations in Count IX, Paragraph 4 inconsistent therewith.

5.      Because of the vague nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count IX, Paragraph 5 and, therefore, deny same.

6.      In response to the allegations in Count IX, Paragraph 6, the FSC/SUNAMERICA Defendants state that Messrs. Webster and Hembrough were generally aware of the demographics of the Plan's participants prior to January 1, 2008. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count IX, Paragraph 6.

7.      In response to the allegations in Count IX, Paragraph 7, the FSC/SUNAMERICA Defendants state that the referenced document and the documents

reflecting the demographics of the Plan's participants speak for themselves, and deny any allegations inconsistent therewith.

8.      Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count IX, Paragraph 8 and, therefore, deny same.

9.      Because of the abstract nature of the allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count IX, Paragraph 9 and, therefore, deny same.

10.     In response to the allegations in Count IX, Paragraph 10, the FSC/SUNAMERICA Defendants state that the referenced Trustee minutes speak for themselves, and deny any allegations in Count IX, Paragraph 10 inconsistent therewith.

11.     In response to the allegations in Count IX, Paragraph 11, the FSC/SUNAMERICA Defendants state that the Brokerage Account Statements for the Plan and other documents reflecting the asset allocation of the Plan's investment portfolio speak for themselves, and deny any allegations in Count IX, Paragraph 11 inconsistent therewith.

12.     In response to the allegations in Count IX, Paragraph 12, the FSC/SUNAMERICA Defendants state that the Trustee minutes speak for themselves, and deny any allegations in Count IX, Paragraph 12 inconsistent therewith. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Count IX, Paragraph 12 and, therefore, deny same.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

## COUNT X

**Breach of Fiduciary Duty by Misrepresenting to Plaintiffs "Conservativeness" of the
Plan's Investment Strategy and the Plan's True Investment Manager**

**(Violation of ERISA §404(a), 29 U.S.C. §1104(a))**

This Count was dismissed by the Court on September 17, 2010.

## COUNT XI

**SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc.,
SunAmerica Fund Services, Inc. and AIG Violated ERISA by Knowingly
Participating in Breaches of Fiduciary Duty and Prohibited Transactions**

**(Violation of ERISA §502 (a) (3) , 29 U.S.C. § 1132 (a) (3))**

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the

allegations of the Complaint contained in the previous paragraphs of this Answer as if

fully set forth herein.

2.      In response to the allegations in Count XI, Paragraph 2, the

FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp.,

SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., Financial Service

Corporation, and FSC Securities Corporation were indirect wholly-owned subsidiaries of

AIG.  The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XI,

Paragraph 2.

3.      In response to the allegations in Count XI, Paragraph 3, the

FSC/SUNAMERICA Defendants admit that SunAmerica Asset Management Corp.,

SunAmerica Capital Services, Inc and SunAmerica Fund Services, Inc. at all relevant

times were indirect wholly-owned subsidiaries of AIG, and that from time to time AIG, as a holding company, has received dividend distributions and other payments from certain of its direct subsidiaries. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XI, Paragraph 3.

     4.     Denied.

     5.     Denied.

     6.     Denied.

## COUNT XII

**Breach of Fiduciary Duty For Not Selecting the Plan's Investment Manager, With the Required Care, Skill, Prudence and Diligence**

**(Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))**

This Count was dismissed by the Court on September 17, 2010.

## COUNT XIII

**Breach of Fiduciary Duty For Not Selecting the Plan's Investment Manager, With the Required Care, Skill, Prudence and Diligence**

**(Violation of ERISA §404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B))**

This Count was dismissed by the Court on September 17, 2010.

## COUNT XIV

**Breach of Co-Fiduciary Duty By Knowingly Participating and/or Concealing the Financial Service Corporation's, FSC Securities Corporation's and the Wharton Business Group's Breaches of Fiduciary Duties and Prohibited Transaction**

**(Violation of ERISA §405, 29 U.S.C. §1105)**

This Count was dismissed by the Court on September 17, 2010.

## COUNT XV

### Failure to Allocate Responsibilities for the Operation and Administration of the Plan

### (Violation of ERISA §402(b)(2), 29 U.S.C. §1102(b)(2))

This Count was voluntarily dismissed by the Plaintiffs on March 10, 2010.

## COUNT XVI

### General Award of Equitable Relief Pursuant to ERISA §502(a)(3), 29 U.S.C. 1132(a)(3)

This Count was dismissed by the Court on September 17, 2010.

## VIII.   COMMON LAW COUNTS

## COUNT XVII

### Fraudulent Concealment Against All Defendants'

This Count was voluntarily dismissed by the Plaintiffs on March 10, 2010.

## COUNT XVIII

### Fraudulent Concealment Against Defendant Wharton Business Group

This Count was voluntarily dismissed by the Plaintiffs on March 10, 2010.

## IX.   SECURITIES LAWS CLAIMS FOR RELIEF

## COUNT XIX

### Violations of the 1933 Act Against Defendant SunAmerica Capital Services, Inc. For Fraud In the Sale of a Security (15 U.S.C. § 77j(a)(2))

The Court dismissed this Count on September 17, 2010.

## COUNT XX

### Violations of Rule 10b-5 of the Securities Exchange Act of 1934, Against Defendant Wharton Business Group

The Court dismissed this Count on September 17, 2010.

## COUNT XXI

### Fraud Under the New Jersey Uniform Securities Laws

### (Violation of N.J.S.A. 49.3-49(e) Against the Wharton Business Group)

The Court dismissed this Count on September 17, 2010.

### RICO CLAIMS FOR RELIEF

### COUNT XXII

### VIOLATIONS OF RICO §§1962(c) AND 1962(d)

This Count voluntarily dismissed by the Plaintiffs, without prejudice, on March 10, 2010.

### COUNT XXIII

### Breach of Fiduciary Duty for Failing to Invest the Plan's Assets That Were Designated for a Money Market Fund In the Vanguard Prime Money Market Fund Institutional Class

### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      In response to the allegations in Count XXIII, Paragraph 2, the FSC/SUNAMERICA Defendants admit that FSC, and Hembrough and Webster in their capacity as FSC-registered investment advisory representatives, are fiduciaries to the Plan pursuant to 29 U.S.C. §1002(21)(A) with respect to the investment advisory services they have provided to the Plan.

3.      In response to the allegations in Count XXIII, Paragraph 3, the FSC/SUNAMERICA Defendants state that portions of the Vanguard Prime Money

market Fund Prospectus concerning returns on investments speak for themselves, and deny any allegations in Count XXIII, Paragraph 3 inconsistent therewith.

4.    In response to the allegations in Count XXIII, Paragraph 4, the FSC/SUNAMERICA Defendants state that portions of the Vanguard Prime Money Market Fund Prospectus concerning returns on investments and class shares speak for themselves, and deny any allegations in Count XXIII, Paragraph 4 inconsistent therewith.

5.    In response to the allegations in Count XXIII, Paragraph 5, the FSC/SUNAMERICA Defendants state that portions of the SunAmerica Money Market Fund Prospectus concerning share classes and returns on investment speak for themselves, and deny any allegations in Count XXIII, Paragraph 5 inconsistent therewith.

6.    In response to the allegations in Count XXIII, Paragraph 6, the FSC/SUNAMERICA Defendants state that the prospectuses for these funds speak for themselves, and deny any allegations in Count XXIII, Paragraph 6 inconsistent therewith.

7.    In response to the allegations in Count XXIII, Paragraph 7, the FSC/SUNAMERICA Defendants state that the documents provided by Wharton Business Group to the Plan trustees on or about November 21, 2005 speak for themselves, and deny any allegations in Count XXIII, Paragraph 7 inconsistent therewith. The FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Count XXIII, Paragraph 7 and, therefore, deny same.

8.    In response to the allegations in Count XXIII, Paragraph 8, the FSC/SUNAMERICA Defendants state that the documents provided by Wharton Business Group to the Plan trustees on or about November 21, 2005 speak for themselves, and

deny any allegations in Count XXIII, Paragraph 8 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXIII, Paragraph 8.

9.     In response to the allegations in Count XXIII, Paragraph 9, the FSC/SUNAMERICA Defendants state that the documents provided by Wharton Business Group to the Plan trustees on or about November 21, 2005 speak for themselves, and deny any allegations in Count XXIII, Paragraph 9 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXIII, Paragraph 9.

10.     In response to the allegations in Count XXIII, Paragraph 10, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves and deny any allegations in Count XXIII, Paragraph 10, inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXIII, Paragraph 10.

11.     In response to the allegations in Count XXIII, Paragraph 11, the FSC/SUNAMERICA Defendants state that the documents reflecting the investment returns of the referenced money market funds speak for themselves, and deny any allegations inconsistent therewith.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

## COUNT XXIV

### Breach of Fiduciary Duty by Failing to Abide by Plan Documents
### By Investing in the Diamond Hill Long Short Fund

### (Violation of ERISA §404(a), 29 U.S.C. §1104(a))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      In response to the allegations in Count XXIV, Paragraph 2, the FSC/SUNAMERICA Defendants admit that FSC, and Hembrough and Webster in their capacity as FSC-registered investment advisory representatives, are fiduciaries to the Plan pursuant to 29 U.S.C. §1002(21)(A) with respect to the investment advisory services they have provided to the Plan.

3.      Count XXIV, Paragraph 3 purports to state a legal conclusion to which no response is required.

4.      In response to the allegations in Count XXIV, Paragraph 4, the FSC/SUNAMERICA Defendants admit, on information and belief, that the Diamond Hill Long Short Fund engaged in short sales during the time period the Plan's assets were invested in the Fund. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXIV, Paragraph 4.

5.      In response to the allegations in Count XXIV, Paragraph 5, the FSC/SUNAMERICA Defendants state that the Inductotherm Inc., Profit Sharing Plan Investment Policy speaks for itself, and deny any allegations in Count XXIV, Paragraph 5 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXIV, Paragraph 5.

6.      Denied.

7.      Denied.

8.      Denied.

## COUNT XXV

### Breach of Fiduciary Duty by Failing Abide by Plan Documents By
### Investing in the Dover/Long Short Sector Fund

### (Violation of ERISA §404(a), 29 U.S.C. §1104(a))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the

allegations of the Complaint contained in the previous paragraphs of this Answer as if

fully set forth herein.

2.      In response to the allegations in Count XXV, Paragraph 2, the

FSC/SUNAMERICA Defendants admit that FSC, and Hembrough and Webster in their

capacity as FSC-registered investment advisory representatives, are fiduciaries to the

Plan pursuant to 29 U.S.C. §1002(21)(A) with respect to the investment advisory

services they have provided to the Plan.

3.      Count XXV, Paragraph 3 purports to state a legal conclusion to which no

response is required.

4.      In response to the allegations in Count XXV, Paragraph 4, the

FSC/SUNAMERICA Defendants admit that the Dover/Long Short Sector Fund engaged

in short sales during the time period the Plan's assets were invested in the Fund. The

FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXV,

Paragraph 4.

5.      In response to the allegations in Count XXV, Paragraph 5, the

FSC/SUNAMERICA Defendants state that the policy speaks for itself, and deny any

allegations in Count XXV, Paragraph 5 inconsistent therewith. The

FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXV,

Paragraph 5.

      6.    Denied.

      7.    Denied.

      8.    Denied.

## COUNT XXVI

### Breach of Fiduciary Duty For Failing To Investigate FSC Securities Corporation/Wharton Prior To Retaining It To Invest the Plan's Assets

### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

      1.    The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

      2.    Denied.

      3.    Count XXVI, Paragraph 3 purports to state a legal conclusion to which no response is required.

      4.    In response to the allegations in Count XXVI, Paragraph 4, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself and deny any allegations in Count XXVI, Paragraph 4 inconsistent therewith.

      5.    In response to the allegations in Count XXVI, Paragraph 5, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself and deny any allegations in Count XXVI, Paragraph 5 inconsistent therewith.

      6.    In response to the allegations in Count XXVI, Paragraph 6, the FSC/SUNAMERICA Defendants state that in December of 2005 the Plan Trustees

retained FSC Securities Corporation and Messrs. Hembrough and Webster as the Plan's investment advisers to the Plan's Trustees. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXVI, Paragraph 6.

7.     In response to the allegations in Count XXVI, Paragraph 7, the FSC/SUNAMERICA Defendants admit that Trustee Defendant Laurence Krupnick sent an email to Marc Hembrough on or about August 20, 2009 and that the email speaks for itself, and deny any allegations in Count XXVI, Paragraph 7 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXVI, Paragraph 7.

8.     In response to the allegations in Count XXVI, Paragraph 8, the FSC/SUNAMERICA Defendants state that the documents provided to the Plan Trustees speak for themselves, and deny any allegations in Count XXVI, Paragraph 8 inconsistent therewith.

9.     In response to the allegations in Count XXVI, Paragraph 9, the FSC/SUNAMERICA Defendants state that the referenced documents speak for themselves, and deny any allegations in Count XXVI, Paragraph 9 inconsistent therewith. The FSC/SUNAMERICA Defendants deny the remaining allegations in Count XXVI, Paragraph 9.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

## COUNT XXVII

### Breach of Fiduciary Duty For Accepting/Following
### an Imprudent Investment Strategy

### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

1.      The FSC/SUNAMERICA Defendants incorporate their responses to the allegations of the Complaint contained in the previous paragraphs of this Answer as if fully set forth herein.

2.      The allegations contained in Count XXVII, Paragraph 2 of the Complaint constitute conclusions of law to which no response is necessary.

3.      Count XXVII, Paragraph 3 purports to state a legal conclusion to which no response is required.

4.      In response to the allegations in Count XXVII, Paragraph 4, the FSC/SUNAMERICA Defendants state that the referenced investment policy and the documents reflecting the Plan's portfolio allocated during 2008 speak for themselves, and deny any allegations in Count XXVII, Paragraph 4 inconsistent therewith.

5.      In response to the allegations in Count XXVII, Paragraph 5, the FSC/SUNAMERICA Defendants state that the referenced document speaks for itself and deny any allegations inconsistent therewith. Because of the vagueness of the remaining allegations, the FSC/SUNAMERICA Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Count XXVII, Paragraph 5 and, therefore, deny same.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

## COUNT XXVIII

### Breach of Fiduciary Duty For Accepting/Following
### an Imprudent Investment Strategy

### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

The Court dismissed this Count on November 16, 2011.

## COUNT XXIX

### Breach of Fiduciary Duty For Accepting/Following
### an Imprudent Investment Strategy

### (Violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B))

The Court dismissed this Count on November 16, 2011.

## COUNT XXX

### Breach of Fiduciary Duty by Misrepresenting to Plaintiffs That
### The Plan's Assets Were Conservatively Invested

### (Violation of ERISA §404(a), 29 U.S.C. §1104(a))

The Court dismissed this Count on November 16, 2011.


In further response to the Complaint, the FSC/SUNAMERICA Defendants deny

any and all allegations not specifically admitted in this Answer, including the allegations,

claims and prayers for relief in the "Prayer for Relief" section of the Complaint.

## DEFENSES

### FIRST DEFENSE

Each and every count of the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because they have failed to exhaust the claim procedures set forth in the documents governing the Plan, and as required by ERISA, with regard to each and every claim set forth in the Complaint.

### THIRD DEFENSE

Plaintiffs and/or putative class members lack standing, either individually or in a representative capacity, to assert the claims set forth in the Complaint.

### FOURTH DEFENSE

Plaintiff's claims and/or those asserted on behalf of the putative class are barred in whole or in part by the applicable periods of limitation and/or the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part by the doctrines of waiver, release and/or estoppel.

### SIXTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the alleged damages and/or the alleged harm to the Plan was not directly or proximately caused by any wrongdoing or breach of duty by the FSC/SUNAMERICA Defendants.

### SEVENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the relief Plaintiffs seek is not available under ERISA.

### EIGHTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because one or more of the transactions at issue did not involve the Plan's assets.

### NINTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because they are precluded from obtaining the relief they seek under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), because such relief is not on behalf of the Plans or for harm to the Plans.

### TENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because they are contrary to or conflict with the terms of ERISA, 29 U.S.C. §§ 1001, et seq., and the regulations promulgated thereunder, including without limitation ERISA § 404, 29 U.S.C. § 1104, ERISA § 405, 29 U.S.C. § 1105, ERISA § 406, 29 U.S.C. § 1106, ERISA § 408, 29 U.S.C. § 1108, and ERISA § 409, 29 U.S.C. § 1109.

### ELEVENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the alleged damages and /or the alleged harm to the Plan were the proximate result of affirmative and/or independent actions of one or more third

persons or parties over whom the FSC/SUNAMERICA Defendants had no control and for whom the FSC/SUNAMERICA Defendants are not liable.

### TWELFTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the FSC/SUNAMERICA Defendants' actions do not meet the standards for co-fiduciary liability under ERISA § 405, 29 U.S.C. § 1105.

### THIRTEENENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part by the exemptions provided in ERISA § 408, 29 U.S.C. § 1109, regulations promulgated thereunder, and various prohibited transaction class exemptions and other pronouncements of applicable law issued by the U.S. Department of Labor.

### FOURTEENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because the FSC/SUNAMERICA Defendants were not fiduciaries of the Plan and/or acting in such a capacity when taking the actions at issue.

### FIFTEENTH DEFENSE

Plaintiffs' claims and/or those asserted on behalf of the putative class are barred in whole or in part because some or all of the FSC/SUNAMERICA Defendants did not participate in a prohibited transaction, with or without knowledge of same, and have no fees or other funds to disgorge.

**WHEREFORE**, the FSC/SUNAMERICA Defendants respectfully pray that the Court dismiss the Complaint, enter judgment against Plaintiff and in favor of the FSC/SUNAMERICA Defendants, and further grant the FSC/SUNAMERICA Defendants such other and further relief as the Court deems just and proper.

Dated:  March 26, 2012.

Respectfully submitted,

/s/ Craig Carpenito
Craig Carpenito (CC-1686)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9400
Fax: (212) 210-9444
Email: craig.carpenito@alston.com

Theodore J. Sawicki (*pro hac vice*)
H. Douglas Hinson (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
Email: tod.sawicki@alston.com
Email: doug.hinson@alston.com

**Counsel for Defendants**  American International Group, Inc., FSC Securities Corporation, SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc., SunAmerica Fund Services, Inc., and Wharton Business Group