IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS GOLDENBERG, et al., as representatives of a class of similarly situated persons and on behalf of THE INDUCTOTHERM COMPANIES MASTER PROFITS SHARING PLAN #001,<br><br>    Plaintiffs,<br><br>  v.<br><br>INDEL, INC., et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 09-5202 (JBS/AMD)<br><br><br>**ORDER** |

This matter having come before the Court upon the motion of Plaintiffs Boris Goldenberg, Reinaldo Pacheco, and Andrew Loew to certify, pursuant to Fed. R. Civ. P. 23(a) and (b)(1) four sub-classes of participants in the Inductotherm Companies Master Profit Sharing Plan [Docket Item 160]; and upon the motion of the Inductotherm Defendants for partial summary judgment [Docket Item 182]; and upon Defendants' joint motion to preclude Plaintiffs' expert [Docket Item 183]; and upon Plaintiffs' motion to preclude Defendants' expert [Docket Item 185]; the Court having considered the submissions of the parties in support thereof and opposition thereto; for the reasons stated in the Opinion of today's date; and for good cause shown;

IT IS this __**30th**__ day of **August, 2012** hereby

ORDERED that Defendants' motion for partial summary judgment

[Docket Item 182] shall be, and it hereby is, **GRANTED IN PART AND DENIED IN PART**; the motion is **GRANTED** as to Count I, and it is **DENIED** as to Count XXVI; and it is further

ORDERED that Defendants' joint motion to preclude Plaintiffs' expert [Docket Item 183] is **DENIED**; and it is further

ORDERED that Plaintiffs' motion to preclude Defendants' expert [Docket Item 185] is **DENIED**; and it is further

ORDERED that Plaintiffs' motion for class certification shall be and hereby is **GRANTED**, and this Court hereby certifies four Sub-Classes consisting of:

> 1) The following "FSC Selection Class" shall be defined as **"All persons who were Plan participants, other than Defendants, at any time between January 1, 2006 and September 30, 2011"**
>
> 2) The following "SAMMF Transaction Class" shall be defined as **"All persons who participated in the Plan, other than Defendants, from December 1, 2005 to March 31, 2011, when Plan assets were invested in the SAMMF"**
>
> 3) The following "Long-Short Fund Class" shall be defined as **"All persons who participated in the Plan, other than Defendants, from April 17, 2006 to February 7, 2011, when Plan assets were invested in long-short funds,"** and
>
> 4) The following "Excessive Equities Class" shall be

defined as **"All persons who participated in the Plan who had an account balance between January 1, 2006 and October 28, 2011, other than Defendants"**;

IT IS FURTHER ORDERED that the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rules 23(a) & 23(b)(1) are present. The Class Members are ascertainable and too numerous to be joined. Questions of law and fact common to all Class members in each respective Sub-Class predominate over individual issues and should be determined in one proceeding with respect to all Class members in each respective Sub-Class. The Class Representatives' claims are typical of those of the respective Sub-Class. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and it is further

ORDERED that Boris Goldenberg, Reinaldo Pacheco, and Andrew Loew are designated "Lead Plaintiffs" as to Sub-Classes One, Two and Three, and Boris Goldenberg and Reinaldo Pacheco are designated "Lead Plaintiffs" as to Sub-Class Four; and it is

further

ORDERED that Arnold Carl Lakind, Esq. and Robert Lawrence Lakind, Esq. of Szaferman, Lakind, Blumstein & Blader, P.C. and Moshe Maimon, Esq. and Theresa Ann Vitello, Esq. of Levy, Phillips, & Konigsberg, L.L.P. are hereby appointed as Class Counsel as the court finds these attorneys are qualified, experienced, and have aggressively litigated this case, thereby demonstrating their adequacy as counsel for the instant action pursuant to Fed. R. Civ. P. 23(g); and it is further

ORDERED that the class claims or issues, pursuant to Rule 23(c)(1)(B), are defined as:

First, as to Sub-Class One: (1) whether the Inductotherm Defendants breached their fiduciary duty under ERISA § 404 by failing to adequately investigate FSC's experience prior to retaining it on behalf of the Plan and (2) whether the Inductotherm Defendants breached their fiduciary duty under ERISA § 404 when they retained FSC as the Plan's investment advisor;

Second, as to Sub-Classes Two, Three and Four: whether FSC is a fiduciary to the Plan;

Third, as to Sub-Class Two, (1) whether FSC breached its fiduciary duty under ERISA § 404 by investing Plan assets in the SAMMF, and (2) whether FSC breached its fiduciary duty under ERISA § 404 by not investing all Plan assets that were designated for a Money Market Fund in the Vanguard Prime Money Market Fund Institutional Share Class;

Fourth, as to Sub-Class Three, whether FSC breached its fiduciary duty under ERISA § 404 by investing Plan assets in the following long-short mutual funds: The Hussman Strategic Growth Fund, the Diamond Hill Long Short Fund, and the Dover/Long Short Sector Fund;

Fifth, as to Sub-Class Four, (1) whether in light of the Plan Participants' ages, the investment strategy of FSC and the Inductotherm Defendants allocated too great a portion of the Plan's assets to equity investments and violate ERISA § 404, (2) whether FSC and the Inductotherm Defendants failed to consider the age of the Plan participants when they implemented the Plan's investment strategy, (3) whether FSC and the Inductotherm Defendants breached their fiduciary duties when they failed to consider the age of the Plan participants when they implemented the Plan's investment strategy, and (4) whether, in light of the Plan Participants' ages, the Inductotherm Defendants breached their fiduciary duty by accepting FSC's investment strategy; and it is further

ORDERED that counsel shall confer regarding an appropriate form of notice to the respective Sub-Class members under Rule 23(c)(2)(B)(i)-(vii), and Class Counsel shall file an appropriate motion for approval of the form of notice, within fourteen (14) days of the entry of this Order.

                                         **s/ Jerome B. Simandle**
                                         JEROME B. SIMANDLE
                                         Chief U.S. District Judge