IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BORIS GOLDENBERG, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>INDEL, INC., et al.,<br><br>               Defendants. | Civil No. 09-5202 (JBS/AMD) |

**SCHEDULING ORDER**

       This Scheduling Order confirms the directives given to counsel during the status conference on September 25, 2012; and the Court noting the following appearances: Arnold C. Lakind, Esquire, and Robert L. Lakind, Esquire, appearing on behalf of the plaintiffs; Vincent E. Gentile, Esquire, appearing on behalf of the Inductotherm defendants; and Theodore J. Sawicki, Esquire, appearing on behalf of the FSC defendants; and for good cause shown:

       IT IS this **26th** day of **September 2012**, hereby **ORDERED**:

       1. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendants not later than **October 25, 2012.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendants shall be served upon counsel for plaintiffs not later than **November 30, 2012.** Any rebuttal expert report shall be served not later than **December 31, 2012.** Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **January 31, 2013.**

       For purposes of this Scheduling Order, treating physicians, if any, shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

       The parties shall also exchange, in accordance with the

foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

    2.   The Court will conduct an in-person settlement conference on **November 5, 2012 at 10:30 A.M.**.  Clients with settlement authority shall appear in person.  Counsel shall exchange and submit settlement memoranda directly to Chambers at least one week prior to the conference.

    3.   **Dispositive Motions**.  Dispositive motions shall be filed with the Clerk of the Court no later than **February 28, 2013**.  Opposition to the motion should be served in a timely fashion.  Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

    4.   The Court will conduct the Final Pretrial Conference on **March 28, 2013 at 11:00 A.M.**.  The form Joint Final Pretrial Order (original and two copies for the court, with sufficient copies for all counsel), as signed by all counsel, shall be delivered to the Court at the conference.  The plaintiffs' portion of the proposed order shall be prepared and sent to defense counsel not later than **March 8, 2013**.  Defendants' portion of the proposed order shall be prepared and returned to counsel for plaintiffs not later than **March 22, 2013**.  **FAILURE TO APPEAR AT THIS CONFERENCE WILL LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING COSTS.**

    **TRIAL COUNSEL MUST APPEAR AT THE FINAL PRETRIAL CONFERENCE UNLESS SPECIFICALLY EXCUSED BY THE COURT.**  **FED. R. CIV. P. 16(d)**.

    5.   Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application.  The schedule set herein will not be extended unless good cause is shown.

    **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                         s/ Ann Marie Donio
                                         ANN MARIE DONIO
                                         United States Magistrate Judge

cc:   Hon. Jerome B. Simandle