IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| *Boris Goldenberg, et al.* | CIVIL ACTION NO.: |
| | 1:09-cv-05202-JBS-AMD |
| *v.* | |
| *Indel, et al.* | |

## FINAL APPROVAL ORDER AND FINAL JUDGMENT

This action came on for a final fairness hearing, held on September 25, 2013, on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on May 15, 2013 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, performed, and enforced according to its terms and conditions.

The Court determines that Plaintiffs have asserted claims on behalf of the Inductotherm Companies Master Profit Sharing Plan #001 (the "Plan") to recover alleged losses as a result of alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29

854565.1
859038.1

U.S.C. §§ 1001 *et seq.* ("ERISA").

The Court determines that the Settlement, which includes a payment of up to $3,175,000 on behalf of Defendants, has been negotiated vigorously and at arm's length by Class Counsel and was the result of a mediation before a skilled and experienced retired federal Judge. The Court further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, and the Settlement was not procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan participants, and Plan beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute any "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant

to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

No objections have been received from any Member of the Settlement Class and no Member of the Settlement Class appeared before the Court at the final fairness hearing.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons within the "FSC Selection Class," the "SAMMF Transaction Class," the "Long-Short Fund Class" and the "Excessive Equities Class" as certified by the Court in its Order entered on August 30, 2012.

As set forth in the Court's order dated August 30, 2012 and the Court's Preliminary Approval Order the four subclasses are defined as follows:

1. The "FSC Selection Class" includes "All persons who were Plan participants, other than Defendants, at any time between January 1, 2006 and September 30, 2011."

2. The "SAMMF Transaction Class" includes "All persons who participated in the Plan, other than Defendants, from December 1, 2005 to March 31, 2011, when Plan assets were invested in the SAMMF."

3. The "Long-Short Fund Class" includes "All persons who participated in the Plan, other than Defendants, from April 17, 2006 to February 7, 2011, when Plan assets were invested in long-short funds."

    4.    The "Excessive Equities Class" includes "All persons who participated in the Plan who had an account balance between January 1, 2006 and October 28, 2011, other than Defendants."

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Szaferman, Lakind, Blumstein & Blader, P.C. and Levy, Phillips & Konigsberg, LLP as co-lead class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Second Amended Class Action Complaint (Doc. No. 165) and the Action against Defendants with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown or unsuspected claims, demands, or causes of action. Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendants assume the risk of any subsequent discovery

of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The Court hereby awards a Fees and Expenses Payment of $1,175,000 to cover the attorney's fees and expenses incurred by Class Counsel and the case contribution awards for Plaintiffs as set forth in more detail below. The Court finds that the litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly Class Counsel is awarded expenses in the amount of $293,902.65 to be paid from the Fees and Expenses Payment. The attorney's fees sought by Class Counsel in the amount of $806,097.35 are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded $806,097.35 to be paid from the Fees and Expenses Payment.

Plaintiffs are hereby awarded case contribution awards as set forth below, which shall be paid from the Fees and Expenses Payment. Plaintiff Boris Goldenberg is hereby awarded a case contribution award in the amount of $25,000; Plaintiff Reinaldo Pacheco is hereby awarded a case contribution award in the amount of $35,000; Plaintiff Andrew Loew is hereby awarded a case contribution award in the amount of $15,000. Each case contribution award shall be paid

pursuant to the timing requirements as set forth in the Stipulation.

The Company shall pay two million ($2,000,000) to the Plan (the "Plan Payment") which payment shall be in addition to the payments made to the Plan during calendar year 2013. The Company shall provide proof of such payment and having concurrently made the Plan Payment. The Company shall make the Plan Payment within fourteen (14) business days after Complete Settlement Approval as defined in the Stipulation

The Plan Payment shall be allocated among past and present participants in the Plan, exclusive of Defendants pursuant to the Plan of Allocation referred to in the Stipulation as amended in the Addendum dated August 22, 2013 in accordance with the recommendation of the Independent Fiduciary.

The Plan of Allocation of the Plan Payment will encompass each person who was a participant at any time during the January 1, 2006 to October 28, 2011 period (excepting those participants who are named defendants). Each such person would receive his or her fractional share of the Plan Payment for each year in which he or she was a Plan participant using each participant's average account balance in each of those years. That formula will take into account those class members who left the Plan during that year or who received a partial or total distribution of his/her account before the last day of each Plan year. For each year, for each Class Member, the month-end balances of his/her account will be totaled and then divided by twelve (or in the case of a partial year, the number of months in that partial year.) That calculation will provide each Class Member's average account balance for the year. Each Class Member's share will be determined by dividing his/her average balance for the given year (numerator) by the total amount of average ending balances of all Class Members for the given

859038.1

6

year (denominator) and then multiplying that fraction times the Plan Payment apportioned to that year or partial year.

The Plan of Allocation of the Plan Payment is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

FSC will make the Fees & Expenses Payment within 14 days after Complete Settlement Approval.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED this 16th day of October, 2013.

/s/ Jerome B. Simandle
Hon. Jerome B. Simandle
Chief Judge, United States District Court
for the District of New Jersey